BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
BENJAMIN T. RICE, State Bar No. 199754
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-2445
 Fax: (916) 324-5205

Attorneys for Defendants Schwarzenegger, et al.
SA2006303236

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **L.H., et al.,**<br><br>                              Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                              Defendants. | NO. 2:06-cv-02042 LKK GGH<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER PROTECTING CONFIDENTIALITY AND PROHIBITING RETALIATION [LOCAL RULE 39-140]** |

The parties have not agreed whether Plaintiffs may proceed with this case in pseudonym, without identifying themselves in court papers, and this issue will need to be decided by this Court. However, in the interest of moving this case forward, the parties agree to temporarily proceed in pseudonym until this issue is resolved. Plaintiffs' counsel will release Plaintiffs' identities to Defendants pursuant to this temporary Protective Order. When this Court rules on the pseudonym issue, it may make this Protective Order permanent or vacate it. Accordingly, up to and until this Court rules on whether the plaintiff-class can proceed in pseudonym, the parties agree to the following:

1. Plaintiffs and any members of the plaintiff-class, if and when such a class is certified, may proceed in pseudonym and may identify themselves in pleadings filed with this Court in the above-captioned case through their initials only.

2. Subject to paragraphs 3-9 below, Plaintiffs' and Class members' true names and/or Youth Authority numbers will be disclosed only to the following persons:

   a. Counsel of record;

   b. Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record;

   c. Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

   d. Any outside expert or consultant retained by counsel of record;

   e. Witnesses during a deposition taken in this matter or otherwise during the preparation for trial and during trial; and

   f. Such employees of Defendants as are necessary for investigation and defense of the case by Defendants.

3. Each person to whom disclosure of the Plaintiffs' or class-members' true names and/or Youth Authority numbers is made during the course of this litigation shall, prior to the time of disclosure, be provided with a copy of this Order and shall agree in writing that they have read this Order, and understand and agree to be bound by its provisions; shall further agree not to engage in retaliation or harassment of any kind against any Plaintiff, class member, or any juvenile parolee whose identity is disclosed; and shall consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, with respect to the enforcement of this order, including, without limitation, any proceeding for contempt.

4. Plaintiffs' and class-members' true names and the information obtained by receipt of their names shall be used solely in connection with this litigation and not for any other purpose, including other litigation or criminal or parole proceeding.

5. Any documents containing Plaintiffs' or class-members' true names and/or Youth Authority numbers filed with the Court shall be filed under seal.

6. No person who has been afforded access to the Plaintiffs' or class-members' true names and/or Youth Authority numbers shall disclose to, or discuss the names and/or members with, any person except in accordance with this Order.

7. The true names and/or Youth Authority numbers of any Plaintiff or class-member shall not be disclosed to, or discussed with, any other present or former juvenile ward or parolee.

8. The provisions of this Order are without prejudice to the right of any party to: (1) apply to the Court for a further protective order relating to discovery in this litigation; (2) to object to a discovery request; or (3) to apply to the Court for a modification of this Order.

9. This Stipulated Order shall be binding on the Parties as of the date it is fully executed by them, regardless of whether or not it has been entered by the Court as of that time. The provisions of this Order shall remain in full force and effect until further order of this Court.

IT IS SO STIPULATED.

Dated: November 7, 2006

OFFICE OF THE ATTORNEY GENERAL
of the STATE OF CALIFORNIA

By */s/ Benjamin T. Rice*
BENJAMIN T. RICE
Deputy Attorney General

Attorneys for Defendants

Dated: November 7, 2006

ROSEN, BIEN & ASARO, LLP

By *Gay Crosthwait Grunfeld*
GAY CROSTHWAIT GRUNFELD
Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED.

Dated: November 13, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

Stipulation and Proposed Protective Order Protecting Confidentiality and Prohibiting Retaliation