BINGHAM McCUTCHEN LLP
GEOFFREY HOLTZ – 191370
KRISTEN A. PALUMBO – 215857
BRIANA LYNN MORGAN – 239977
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

PRISON LAW OFFICE
DONALD SPECTER – 83925
General Delivery
San Quentin, CA 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 096891
GAY CROSTHWAIT GRUNFELD – 121944
MEGHAN R. LANG – 221156
MARIA MORRIS – 223903
SARAH LAUBACH – 240526
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

YOUTH LAW CENTER
SUSAN L. BURRELL – 074204
CAROLE SHAUFFER – 100226
CORENE KENDRICK – 226642
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379

Attorneys for Plaintiffs, individually and on behalf of all
other similarly situated juvenile parolees in California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.H., A.Z., D.K., and D.R., on behalf of themselves and all other similarly situated juvenile parolees in California,<br><br>        Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | No. 2:06-CV-02042-LKK-GGH<br><br>**JOINT STIPULATION AND ORDER RE REQUEST FOR INSPECTION**<br><br>Date:       April 26, 2007<br>Time:      10:00am<br>Courtroom: 24<br>Before:   Hon. Gregory G. Hollows |

WHEREAS, on February 22, 2007, Plaintiffs served their First Request for Inspection, requesting observations and videotaping of and relevant documents relating to DJJ parole revocation proceedings; and

WHEREAS, on March 28, 2007, Plaintiffs received Defendants' Response to Plaintiffs' First Request for Inspection, in which Defendants objected to Plaintiffs' request; and

WHEREAS, on March 29, 2007, Plaintiffs filed a motion to compel, noticing the hearing for April 19, 2007; and

WHEREAS, the parties agreed to continue the hearing pending negotiation of the issues in dispute, and met and conferred on April 5, April 17, April 18, and April 19, 2007; and

WHEREAS, the parties seek to resolve this dispute informally;

THEREFORE, the parties, by and through their counsel, agree as follows:

1. For the purpose of this Joint Stipulation and Order re Request for Inspection ("Inspection Order"), the term "parole proceeding" includes:

    a. Proceedings in which DJJ parolees detained on alleged parole violations receive an initial advisement of rights by a parole agent, are interviewed by a parole agent, and/or are served the "Notice of a Parolee Awaiting Revocation Hearing" form;

    b. Proceedings during which DJJ parolees detained on alleged parole violations are served notice of their rights and/or charges;

    c. Preliminary revocation hearings and/or "probable cause" hearings of DJJ parolees; and

    d. Parole revocation hearings of DJJ parolees.

2. By May 3, 2007, Defendants will produce the hearing calendar from the Juvenile Parole Board for one year listing rough numbers of all revocation and preliminary hearings, a list from the parole units of all locations where the initial service of notice takes place

with an indicator of low, medium, or high volume at each location, and a list from the Board Coordination Parole Agents of all locations where the notice of charges and rights, preliminary hearings and revocations hearings take place with an indicator of low, medium, or high volume at each location.

3. Defendants will produce the following information on or before June 22, 2007:

   a. The locations where each type of parole proceeding occurs;

   b. The number of parole proceedings at each location;

   c. The schedule, if any, of each type of parole proceeding at each location;

   d. The number of each type of parole proceeding that occurs annually, broken down by male and female wards.

4. Without agreeing to or limiting the total number or percent of parole proceedings to be observed and/or videotaped, the parties agree to the initial observation and videotaping of ten (10) full days of parole proceedings, to commence no later than May 14, 2007. By April 30, 2007, Defendants shall provide Plaintiffs with a schedule of preliminary hearings and revocation hearings that will be conducted by Juvenile Parole Board throughout the State for the period from May 14, 2007 to May 31, 2007. By May 23, 2007, Defendants shall provide Plaintiffs with a schedule of preliminary hearings and revocation hearings that will be conducted by Juvenile Parole Board throughout the State for the period from June 1, 2007 to June 15, 2007. Defendants agree to provide updated information regarding all parole proceedings as it becomes available to facilitate Plaintiffs' observations and/or videotaping. Plaintiffs will promptly notify Defendants of the dates and locations of up to ten days of parole proceedings that Plaintiffs will initially attend and videotape. If ten days of parole proceedings are not observed before June 15, 2007, Defendants will continue to provide schedules of proceedings for the purpose of

completing these ten days of observations.  In no event, however, will observations or videotaping of parole proceedings occur before a protective order has been executed by the parties.

5. No later than June 29, 2007, the parties will meet and confer and agree on the total number or percentage of each type of parole proceeding to be videotaped and observed, as well as any remaining issues that must be resolved to complete the observations and/or videotaping.  Should the parties fail to agree after conferring in good faith, Plaintiffs reserve the right to take the matter up with the Court.

6. Plaintiffs shall receive photocopies of all documents available for use at each parole proceeding observed and/or videotaped, regardless of whether the documents were actually relied on or consulted during the proceeding ("Observation Documents").  Defendants shall provide copies of all Observation Documents to Plaintiffs within a reasonable time of the proceeding that was observed and/or videotaped, unless the parties make other arrangements to copy and/or scan the Observation Documents.  After the parole proceedings observed and/or videotaped, Observation Documents shall be maintained and produced in the same order as at the parole proceedings.  The parties will meet and confer and agree on a certain time period after the observed and/or videotaped parole proceedings by which production of the Observation Documents must occur.  Should the parties fail to agree on this time period after conferring in good faith, Plaintiffs reserve the right to take the matter up with the Court.

7. Within a reasonable time of the proceedings observed and/or videotaped, Defendants will produce copies of the complete master/central, medical, psychiatric, educational, living unit, and parole field files of each DJJ parolee whose parole proceedings are observed and/or videotaped ("Ward Files"), pursuant to the protective order which is to be filed in

this case.  The parties will meet and confer and agree on a certain time period after the observed and/or videotaped parole proceedings by which production of the Ward Files must occur.  Should the parties fail to agree on this time period after conferring in good faith, Plaintiffs reserve the right to take the matter up with the Court.

8.  Plaintiffs will provide Defendants with copies of all video recordings made during observations, subject to agreement by the parties regarding costs.

9.  All documents and recordings provided or obtained as a result of observations and/or videotaping under this Inspection Order are subject to the protective order which is to be filed in this case.

10. The selection of the location of the parole proceedings to be observed and videotaped is at the sole discretion of Plaintiffs.  The parties will meet and confer to allow Defendants sufficient notice to assist in the facilitation of the videotaping and/or observations.

11. Plaintiffs, at their discretion, will direct the placement of the video camera during parole proceedings being observed.  In the event that an articulated threat to safety and security arises, the CDCR may direct an alternative placement which ensures that the faces of the hearing officer, parolee, parole officer, and all CDCR staff members can be seen.

12. Defendants will ensure that logistical arrangements are in place for Plaintiffs' observations and videotaping of parole proceedings at CDCR and non-CDCR facilities.  Additionally, Defendants will facilitate arrangements by (1) informing all facilities at which observations of parole proceedings are to take place of the date Plaintiffs will be attending; (2) providing Plaintiffs the name of one or more contact persons at each facility; and (3) informing the facility of the Plaintiffs' rights to videotape and observe parole proceedings under this Inspection Order.

13. All persons attending a parole proceeding must be cleared for access to all CDCR and non-CDCR facilities at which parole proceeding observations and/or videotaping are scheduled.  Defendants shall facilitate these clearance procedures.  Plaintiffs will provide Defendants with the required information to assist Defendants in facilitating these clearance procedures.

14. Persons observing and/or videotaping parole proceedings will not participate in those proceedings.  Plaintiffs shall refrain from questioning staff members.

15. All videotaping must be uninterrupted while the parole proceedings are ongoing. Videotaping may be interrupted if parole proceedings are interrupted for safety and security reasons, but in no event shall videotaping be stopped while parole proceedings are ongoing.

16. Defendants will allow observation and videotaping of parole proceedings of wards under the age of 18 without parental or guardian consent.

17. The parties agree that a neutral, prepared statement will be read at the beginning of each videotaped parole proceeding.  Plaintiffs will provide a proposal of the content of this statement by May 1, 2007.  No later than May 7, 2007, the parties will meet and confer and agree on the content of the statement, as well as any remaining issues that must be resolved to complete the observations and videotaping.  Should the parties fail to agree after conferring in good faith on these remaining issues, Plaintiffs reserve the right to take the matters up with the Court.

18. The parties will agree on a case by case basis regarding the number of persons attending videotaping and/or observations.

19. Following the entry of this Inspection Order by the Court, Plaintiffs will withdraw their Motion to Compel Inspection, filed with this Court on March 29, 2007 and set for hearing on April 26, 2007.

DATED: April 20, 2007

BINGHAM McCUTCHEN LLP

By:   /s/ *Briana Lynn Morgan*
Briana Lynn Morgan
Attorneys for Plaintiffs, individually
and on behalf of all other similarly situated
juvenile parolees in California

DATED: April 20, 2007

OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF CALIFORNIA
  /s/ *Katherine Nelson*
By:   (as authorized on April 20, 2007)
Katherine Kylin Nelson
Deputy Attorney General
Attorneys for Defendants

IT IS SO ORDERED.

Date: 4/23/07

/s/ Gregory G. Hollows
_____
Honorable Gregory G. Hollows
Magistrate Judge

LHinspect.ord