IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L.H., A.Z., D.K., and D.R.,
on behalf of themselves and all
other similarly situated juvenile
parolees in California,

    Plaintiffs,                      No. CIV S-06-2042 LKK GGH

   vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                    ORDER
_____/

        Previously pending on this court's law and motion calendar for May 17, 2007, was plaintiffs' motion to compel compliance with this court's April 2, 2007 order. Maria Morris appeared for plaintiffs. Michelle Angus, Stephen Acquisto, and Katherine Nelson represented defendants. Having heard oral argument and reviewed the joint statement, the court now issues the following order.

        Plaintiffs' motion concerns this court's April 2, 2007 order, wherein defendants' request for extension of time to respond to discovery requests was denied. The court directed defendants to file and serve responses by April 9, 2007. All objections which were not privilege based, e.g., attorney-client privilege, bona fide privacy privilege assertions, or work product immunity, were found to be waived.

Plaintiffs now contend that defendants have delayed production of discovery to such an extent that they have exhibited bad faith, and sanctions are warranted. According to plaintiffs, although defendants did serve responses on the ordered date, they asserted objections to almost every interrogatory, request for admission, and request for documents, in direct violation of that order. Plaintiffs claim that more than a month after the court's denial, discovery responses are still outstanding. Plaintiffs request monetary and issue sanctions.

Plaintiffs fail to recognize the efforts undertaken by defendants to comply with the court's order. Defendants have produced 10,000 pages of documents which is not necessarily a small amount for a class action. Defendants represent that this production constitutes the majority of hard copy documents responsive to plaintiffs' 124 document requests. Defendants indicate that they have been amending their responses pursuant to the court's prior order. Additionally, defendants represent that they have increased the number of attorneys working on this case from two to five, and also have a paralegal assigned to it.

While compliance with the court's orders are not subject to unilateral modification by defendants, some recognition of the realities of discovery in this case are required. Defendants (in reality, the state agencies which have control over plaintiffs) are not litigating machines, nor are their responsibilities primarily concerned with responding to discovery requests. Rather, a state agency's resources are characterized by the phrase, "zero sum game," in which tasks imposed by litigation necessarily reduce the ability of an agency to carry out its primary responsibilities. Make no mistake, the undersigned is not excusing discovery obligation non-compliance, but rather simply encouraging plaintiffs to have a little empathy in that discovery is relatively easy to request, and sometimes onerous to satisfy.

Therefore, the court declines to find bad faith or even prejudice to plaintiffs' case at this point in time. Nevertheless, empathy has its limits; discovery is outstanding in violation of the previous order. Should defendants fail to comply with the instant order requiring full production within thirty days, plaintiffs may bring another motion for sanctions. At that time, if

the court finds that defendants have not complied with this order, serious sanctions will result.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel compliance with this court's April 2, 2007 order, filed April 19, 2007, is granted in part and denied in part;

2. Defendants shall file a schedule for production of outstanding discovery within two days of the May 17, 2007 hearing.

3. Defendants shall produce all outstanding discovery, including electronic discovery, within thirty days of the May 17, 2007 hearing. Failure to comply with this order will result in sanctions.

DATED: 5/21/07                             /s/ Gregory G. Hollows
                                           UNITED STATES MAGISTRATE JUDGE

GGH:076
L.H.2042.ord