BINGHAM McCUTCHEN LLP
GEOFFREY HOLTZ – 191370
KRISTEN A. PALUMBO – 215857
BRIANA LYNN MORGAN – 239977
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  (415) 393-2000
Facsimile:  (415) 393-2286

PRISON LAW OFFICE
DONALD SPECTER – 83925
General Delivery
San Quentin, CA  94964
Telephone:  (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 096891
GAY CROSTHWAIT GRUNFELD – 121944
MEGHAN R. LANG – 221156
MARIA MORRIS – 223903
SARAH LAUBACH – 240526
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
Telephone:  (415) 433-6830

YOUTH LAW CENTER
SUSAN L. BURRELL – 074204
CAROLE SHAUFFER – 100226
CORENE KENDRICK – 226642
200 Pine Street, Suite 300
San Francisco, CA  94104
Telephone:  (415) 543-3379

Attorneys for Plaintiffs, individually and on behalf of all other similarly situated juvenile parolees in California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.H., A.Z., D.K., and D.R., on behalf of themselves and all other similarly situated juvenile parolees in California,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. 2:06-CV-02042-LKK-GGH<br><br>**SECOND JOINT STIPULATION AND ORDER RE REQUEST FOR INSPECTION**<br><br>Hon. Gregory G. Hollows |

WHEREAS, on February 22, 2007, Plaintiffs served their First Request for Inspection, requesting observations and videotaping of and relevant documents relating to DJJ parole proceedings; and

WHEREAS, on April 20, 2007, the parties filed a Joint Stipulation and [Proposed] Order re Request for Inspection ("the First Inspection Order") agreeing to an initial ten days of videotaping of parole revocation hearings and preliminary revocation hearings and reserving for further negotiation the videotaping and observation of parole agent notice serves, BCPA notice serves, and additional parole revocation hearings and preliminary revocation hearings; and

WHEREAS, on April 23, 2007, the Court signed the First Inspection Order; and

WHEREAS, Plaintiffs have videotaped 9.5 days of parole revocation hearings; and

WHEREAS, the parties seek to resolve this dispute informally;

THEREFORE, the parties, by and through their counsel, agree as follows:

1. For the purpose of this Second Joint Stipulation and [Proposed] Order re Request for Inspection ("Second Inspection Order"), the term "parole proceeding" includes:
   a. Proceedings in which DJJ parolees detained on alleged parole violations receive an initial advisement of rights by a parole agent, are interviewed by a parole agent, and/or are served the "Notice of a Parolee Awaiting Revocation Hearing" form ("parole agent notice serves");
   b. Proceedings during which DJJ parolees detained on alleged parole violations are served notice of their rights and/or charges ("BCPA notice serves");
   c. Preliminary revocation hearings and/or "probable cause" hearings of DJJ parolees;
   d. Parole revocation hearings of DJJ parolees; and
   e. Nonappearance hearings of DJJ parolees.

2. Without agreeing to or limiting the total number or percent of parole agent notice serves to be observed and/or videotaped, the parties agree to the initial observation and

videotaping of fifteen (15) parole agent notice serves.  Plaintiffs will provide Defendants with the names and security information of up to twelve (12) persons designated to observe and/or videotape these parole agent notice serves.  Plaintiffs reserve the right to add four (4) additional names for advance security clearance should it be necessary to arrange attendance.  Plaintiffs will select four (4) CDCR and/or non-CDCR facilities in Northern California and four (4) CDCR and/or non-CDCR facilities in Southern California at which Plaintiffs will observe and/or videotape the initial 15 days of parole agent notice serves.  Defendants will undertake necessary efforts to arrange advance security clearance for these 12 observers, to last until Plaintiffs complete the initial 15 videotaping/observations of parole agent notice serves.  Beginning with any parole agent notice serves occurring on August 22, 2007, Defendants shall provide Plaintiffs with at least 24 hours notice of every parole agent notice serve occurring at each of the eight designated institutions, until Plaintiffs complete the initial 15 videotaping/observations of parole agent notice serves or September 21, 2007.  Defendants also agree to make efforts to provide more notice to Plaintiffs when possible.  Upon receiving notice, Plaintiffs will promptly notify Defendants of the dates and locations of the parole agent notice serves that Plaintiffs will attend and videotape.  If, by September 21, 2007, Plaintiffs have not completed 15 observations, the parties shall revisit this issue.  If the parties cannot agree, they reserve the right to take the matter up with the Court.

3. Plaintiffs shall initially use a small, hand-held camera to videotape parole agent notice serves.  However, Plaintiffs reserve all rights to object to this method for any reason, and may seek an alternative method of video recording.  Should Plaintiffs so object, and the parties fail to agree on an alternative method after conferring in good faith, Plaintiffs reserve the right to take the matter up with the Court.

4. Without agreeing to or limiting the total number or percent of BCPA notice serves to be observed and/or videotaped, the parties agree to the initial observation and videotaping of 15 BCPA notice serves.  Beginning with any BCPA notice serves occurring on August 15, 2007, Defendants shall provide Plaintiffs with at least 48 hours notice of every BCPA notice serve occurring in the State of California, until Plaintiffs complete the initial 15 videotaping/observations of BCPA notice serves or September 21, 2007.  Defendants also agree to make efforts to provide more notice to Plaintiffs when possible.  Upon receiving notice, Plaintiffs will promptly notify Defendants of the dates and locations of the BCPA notice serves that Plaintiffs will attend and videotape.  If, by September 21, 2007, Plaintiffs have not completed 15 observations, the parties shall revisit this issue.  If the parties cannot agree, they reserve the right to take the matter up with the Court.

5. To videotape BCPA notice serves, Plaintiffs may use a shoulder-supported, cordless video camera, operated by a professional videographer.  However, Plaintiffs reserve all rights to object to this method for any reason, and may seek an alternative method of video recording.  Should Plaintiffs so object, and the parties fail to agree on an alternative method after conferring in good faith, Plaintiffs reserve the right to take the matter up with the Court.  Should security concerns related to the video camera arise, Defendants reserve the right to go to the Court after meeting and conferring with Plaintiffs.

6. Plaintiffs may designate up to two (2) persons to observe and videotape each BCPA and parole agent notice serve.  Should Plaintiffs seek to have a third person attend and observe a given proceeding, the parties shall meet and confer in advance.

7. Without agreeing to or limiting the total number or percent of nonappearance hearings to be observed and/or videotaped, the parties agree to the initial observation and videotaping of three (3) days of nonappearance hearings.  Defendants agree to provide

Plaintiffs with at least seven (7) days notice of all nonappearance hearings occurring in the State of California, commencing with any nonappearance hearings occurring on August 15, 2007, and until the initial three days of videotaping/observations have ended. Upon receiving notice, Plaintiffs will promptly notify Defendants of the dates and locations of the nonappearance hearings that Plaintiffs will attend and videotape.

8. Without agreeing to or limiting the total number or percent of preliminary and/or parole revocation hearings to be observed and/or videotaped, the parties agree to the observation and/or videotaping of five (5) additional days of parole and/or preliminary revocation hearings.  Three (3) of these additional five days shall be at facilities not previously videotaped by Plaintiffs ("remote locations").  Two (2) of these additional five days shall be reserved for attendance by consultants.  The parties agree to abide by the terms of the First Inspection Order for the purpose of facilitating, attending, and videotaping the remote location videotaping/observations.  Plaintiffs agree that they have already attended one of the three remote location days of videotaping/observations.

9. No later than September 7, 2007, the parties will meet and confer and agree on a total number or percentage of each type of parole proceeding to be videotaped and observed, as well as any remaining issues that must be resolved to complete the observations and/or videotaping.  Should the parties fail to agree after conferring in good faith, Plaintiffs reserve the right to take the matter up with the Court.

10. Plaintiffs shall receive photocopies of all documents available for use at each parole proceeding observed and/or videotaped, regardless of whether the documents were actually relied on or consulted during the proceeding ("Observation Documents"). Defendants shall provide copies of all Observation Documents to Plaintiffs within ten (10) business days of the parole proceeding that was observed and/or videotaped, unless

the parties make other arrangements to copy and/or scan the Observation Documents. After the parole proceedings observed and/or videotaped, Observation Documents shall be maintained and produced in the same order as at the parole proceedings.

11. With regard to all parole proceedings other than the non-appearance hearings discussed in paragraph 7 above, within ten (10) business days of the parole proceeding that was observed and/or videotaped, Defendants will produce copies of the complete master/central, medical, psychiatric, educational, living unit, and parole field files of each DJJ parolee whose parole proceedings are observed and/or videotaped ("Ward Files").

12. With regard to all non-appearance hearings discussed in paragraph 7 above, within twenty (20) business days of the parole proceedings, Defendants will produce copies of the Ward Files of each DJJ parolee whose allegation sheet review, allegation waiver or probable cause hearing, corrective action plan is observed and/or videotaped. If, upon review of the Observation Documents for other proceedings from the non-appearance hearing observation days, Plaintiffs determine that they need Ward Files for parolees whose non-appearance hearing was videotaped, Plaintiffs shall have the right to request up to three (3) such Ward Files for each day of observation, which shall be produced within twenty (20) business days of the request. Should Plaintiffs require further Ward Files, the parties shall meet and confer and, if unable to agree, Plaintiffs reserve the right to take the matter to the Court.

13. Plaintiffs will provide Defendants with copies of all video recordings made during observations of parole proceedings, subject to agreement by the parties regarding costs.

14. All documents and recordings provided or obtained as a result of observations and/or videotaping under this Second Inspection Order are subject to the protective order filed in this case.

15. The selection of the location of the parole proceedings to be observed and/or videotaped under this Second Inspection Order is at the sole discretion of Plaintiffs. The parties will meet and confer to allow Defendants sufficient notice to assist in the facilitation of the videotaping and/or observations.

16. Plaintiffs, at their discretion, will direct the placement of the video camera during parole proceedings being observed. In the event that an articulated threat to safety and security arises, the CDCR may direct an alternative placement which ensures that the faces of the hearing officer, parolee, parole officer, Board Coordinating Parole Agent ("BCPA"), and all CDCR staff members can be seen.

17. Defendants will ensure that logistical arrangements are in place for Plaintiffs' observations and videotaping of parole proceedings at CDCR and non-CDCR facilities. Additionally, Defendants will facilitate arrangements by (1) informing all facilities at which observations of parole proceedings are to take place of the date Plaintiffs will be attending; (2) providing Plaintiffs the name of one or more contact persons at each facility; and (3) informing the facility of the Plaintiffs' rights to videotape and observe parole proceedings under this Second Inspection Order.

18. All persons attending a parole proceeding must be cleared for access to all CDCR and non-CDCR facilities at which parole proceeding observations and/or videotaping are scheduled. Defendants shall facilitate these clearance procedures. Plaintiffs will provide Defendants with the required information to assist Defendants in facilitating these clearance procedures.

19. Persons observing and/or videotaping parole proceedings will not participate in those proceedings and Plaintiffs shall refrain from questioning CDCR staff members regarding the proceedings.

20. All videotaping must be uninterrupted while the parole proceedings are ongoing. Videotaping may be interrupted if parole proceedings are interrupted for safety and security reasons, but in no event shall videotaping be stopped while parole proceedings are ongoing.

21. Defendants will allow observation and videotaping of parole proceedings of wards under the age of 18 without parental or guardian consent.

22. The parties agree that the following statement will be read at the beginning of each videotaped parole proceeding:

> With your acceptance, today's proceedings are being videotaped by counsel suing the State of California on behalf of all parolee wards, including yourself, challenging the State's parole procedures. By order of the Honorable Gregory Hollows, U.S. District Court Judge for the Eastern District of California, the videotape is not for distribution or broadcast to the general public and may only be viewed by the Court, counsel and experts in the matter called *L.H. v. Schwarzenegger*.

The hearing officer, parole agent, BCPA or other person conducting the parole proceeding will not seek the affirmative assent of the ward, either verbally or physically. Plaintiffs reserve all rights to object to the reading of this statement, for any reason. Should Plaintiffs so object, and the parties fail to agree on an alternative statement after conferring in good faith, Plaintiffs reserve the right to take the matter up with the Court.

23. This Second Inspection Order shall not be construed to limit the ability of consultants to observe parole proceedings.

24. This Second Inspection Order is intended to supplement the parties' prior agreements, as reflected in the First Inspection Order.  In the event that the First and Second Inspection Orders conflict, this Second Inspection Order controls.

DATED:  August 10, 2007

ROSEN, BIEN & GALVAN LLP

By: ___/s/_____
Maria V. Morris
Attorneys for Plaintiffs, individually
and on behalf of all other similarly situated
juvenile parolees in California

DATED:   August 9, 2007

OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF CALIFORNIA
         /s/
By:   __(as authorized on August 9, 2007)
Timothy J. McDonough
Deputy Attorney General
Attorneys for Defendants

IT IS SO ORDERED.

Dated: 8/16/07

/s/ Gregory G. Hollows
U.S. Magistrate Judge