IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L.H., A.Z., D.K., AND D.R., on behalf of themselves and all other similarly situated juvenile parolees in California,

Plaintiffs, CIV. NO. S-06-2042 LKK GGH

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendants. ORDER

______________________________/

Previously pending on this court's law and motion calendar for March 6, 2008, was plaintiffs' motion to compel production of documents, filed February 7, 2008, and plaintiffs' motion to compel compliance with plaintiffs' third request for inspection, filed February 14, 2008. Maria Morris, Shirley Huey and Gay Grunfeld appeared for plaintiffs. Timothy McDonough and Cynthia Fritz appeared for defendants. Having now reviewed the joint statement and heard oral argument, the court issues the following order.

BACKGROUND

This is a class action lawsuit wherein plaintiffs are juvenile parolees who allege due process violations throughout the parole revocation process, as well as violations of the Americans with Disabilities Act ("ADA") by the California Department of Corrections and Rehabilitation ("CDCR"), the Division of Juvenile Justice ("DJJ"), and Board of Parole Hearings

("BPH"). This case has been related to Valdivia v. Schwarzenegger, Civ.S. 94-671 LKK GGH, which involves the same issues as applied to adult parolees.

On September 19, 2007, Judge Karlton granted plaintiffs' motion for partial summary judgment. The court held that defendants violated plaintiff's due process rights in failing to hold prompt and constitutionally adequate probable cause hearings prior to parole revocation. The court in part ordered that counsel be appointed to each and every juvenile parolee in parole revocation proceedings commencing on or before February 15, 2008, in order to ensure effective communication, and provide ADA accommodations to all juvenile parolees throughout the revocation process.

On January 29, 2008, the district court denied plaintiffs' motion to amend the complaint to expand plaintiffs to include wards and proceedings outside the parole revocation process. Therefore, the action is proceeding on the first amended complaint (FAC).

The parties' disputes concern what discovery is within the scope of the FAC and whether anything in that complaint was narrowed by Judge Karlton's order denying the motion to amend. A review of this order indicates that he did in fact construe the FAC to include only claims regarding procedures governing parole revocations. He stated:

> Although the plaintiffs characterize their amendments as mere 'clarifications' of language and claims already extant in the First Amended Complaint, in actuality the proposed amendments represent a significant expansion of the nature of the suit. For instance, while the First Amended Complaint dealt only with the procedures governing parole revocations, the proposed Second Amended Complaint would be directed at over fifteen additional hearings that implicate a ward/parolee's liberty interest. Although the First Amended Complaint alluded to some of these procedures, see e,g., First Amended Complaint ¶¶ 39, 50, 130, 148 (referring to revocation proceedings specifically, as well as 'other' or 'additional' parole proceedings), the complaint was clearly directed towards alleged inadequacies in the parole revocation process. See e.g., First Amended Complaint, ¶¶ 72-88 (describing the named plaintiffs only with regards to their experiences with parole revocation), 130 (describing the second cause of action, alleging due process violations, only in terms of revocation procedures). This was the focus of the class certification, the September 2007 summary judgment motion, and, logically and according to the

defendants' counsel's declaration, the strategy defendants have developed.

Order, at 10-11.

Judge Karlton addressed plaintiffs' argument that non-revocation proceedings were meant to be included in their claims and defendants were on notice of this intent, by responding that references in the FAC to other hearings aside from revocation hearings, were brief and seemed "obviously incidental to the thrust of the complaint, which was the inadequacy of parole revocation hearings." Id. at 12. The order also gave examples of other types of hearings which were not part of the revocation process: parole consideration hearings, time-adds, and YAAC hearings, referring to them as "non-revocation hearings." Id. at 13.

Therefore, contrary to plaintiffs' argument that where a motion to amend is denied, the operative complaint stands, in this case the operative complaint was *construed* by the court and plaintiffs' interpretation of it was narrowed. This court is limited by that construction in determining the parameters of discovery.

DISCUSSION

I. Plaintiffs' Motion to Compel Production of Second Set of Request for Production of Documents

This set of documents was served on November 22, 2007. Although most of the 40 document requests in this set were originally at issue, at hearing some of the requests were narrowed or eliminated as outside the scope of the FAC as interpreted by the district court.[1]

\\\\\

\\\\\

\\\\\

[1] Plaintiffs withdrew their requests numbered 12, 13, 14, and 28 prior to the hearing. Jt. Stmt. at 4. Plaintiffs also state they do not believe there is a dispute over numbers 19, 26, and 39, other than the time period for which production should occur. Id. Since there is no argument concerning these requests, they will not be addressed.

A. Document Requests Related to Appointment or Payment of Attorneys for Various Types of Parole Proceedings (Nos. 3, 5, 6, 7)

At hearing, the court limited the following discovery to parole revocation hearings and other proceedings directly aligned with them, such as serve hearings, but not proceedings taking place subsequent to parole revocation.

Number 3 - Denied as seeking documents relating to appointment of counsel in parole consideration hearings which is not the subject of the FAC.

Number 5 - Denied as seeking documents relating to appointment of counsel in hearings which do not concern parole revocation.

Number 6 - Granted in part and denied in part. To the extent the request seeks documents relating to appointment of counsel in hearings which do not concern parole revocation, they are not relevant to the FAC. To the extent the request seeks documents relating to parole revocation hearings, defendants are ordered to produce all documents in their actual or constructive possession, including documents in the possession of their client agencies. The request is granted in regard to accounting information such as invoices, as it relates to cost of appointment of counsel at parole revocation hearings and any other hearings where counsel are currently required to be appointed. Defendants are not required to search ward/parolee files for these documents.

Number 7 - Although the request seeks all documents and files previously or currently kept by Shelly Jones that relate to requests for counsel, the motion will be granted as limited to any file(s) that contain(s) a form entitled “request for counsel” or “request for attorney” which is a single page document listing the criteria for counsel in revocation proceedings. Defendants are not required to search through ward/parolee files for these documents, but only through discrete files maintained by Shelly Jones. If any such file(s) do not exist, defendants must produce a declaration to this effect by a person with knowledge. The declaration shall include a history of the file(s), including whether they existed at one time, and what happened to them.

\\\\\

B. Documents Related to Movement and Status of Parolees (No. 18)

This request seeks ward movement and status change summaries to show defendants detained parolees for extended periods prior to parole revocation proceedings, and to show that many hearings are held far from the location of the alleged violation, making it difficult for witnesses to appear. Plaintiffs' request is granted insofar as there is a computer report available. Defendants are not tasked with manually looking through all ward/parolee files as plaintiffs have been given access to these files.

C. Documents Related to Parole Planning and Services (Nos. 1, 2, 15-17, 27, 29-35)[2]

Plaintiffs allege that defendants' failure to provide adequate parole planning, placements and services has increased the likelihood that parolees will be subjected to unconstitutional parole revocation proceedings. Judge Karlton's order removed parole services which do not have to do with the parole revocation hearing process from the scope of the FAC. Order, filed January 29, 2008, at 11:2-7. Therefore, discovery on these issues will not be permitted, except to the extent that defendants have agreed to produce certain documents pertaining to parole revocation hearings. Plaintiffs' motion is denied in regard to these requests.

D. Requests Concerning Appeals of Revocation Hearings (Nos. 20-22)

Appeals of the revocation hearings are pertinent to the claims in the FAC. Therefore, plaintiffs' motion is granted with respect to these requests as they pertain to appeals of revocation hearings only. Defendants stated at hearing that they have just produced many of these documents. To the extent there are any outstanding documents not already produced by defendants which are responsive to this request, defendants shall produce them. If documents have already been produced, defendants shall refer to the documents by Bates number.

\\\\\

[2] Defendants have agreed to produce documents responsive to numbers 15, 17 and 30 but only as they relate to parole revocation proceedings. Joint Statement, at 12, n. 6, 25 n. 11, 29 n. 13.

In regard to request number 22, all documents relating to databases created or maintained by Shelly Jones, except for the WIC 1800.5 database which plaintiffs represented at hearing that they no longer seek, defendants shall turn over the complete databases as requested to the extent they have not done so already. All databases shall be produced in updated form as of the present date.

E. Documents Related to Hearings that Prolong Revocation Terms (Nos. 3-11, 17, 20-25, 36-38, 40)

Other than requests numbered 3, 5, 6, 7, 17, and 20-22, which are discussed elsewhere in this opinion, the court finds that many of these requests are overbroad in requesting information concerning proceedings above and beyond parole revocation hearings, and are therefore irrelevant to the FAC as interpreted by the district court on January 29, 2008. They are separately addressed as follows.

Numbers 4, 8, 9, 10, 11 - These requests seek documents concerning "proceedings affecting detention length." Number 4 seeks documents affecting detention length "other than Parole Revocation Hearings," and plaintiffs' motion is therefore denied in all respects for this request. Numbers 10 and 11 concern appointment and training of staff assistants for all proceedings affecting detention length. These requests are denied as not relevant to due process considerations in parole revocation proceedings. Plaintiffs' motion is granted with respect to requests numbered 8 and 9 only insofar as they concern parole revocation proceedings. Defendants shall produce these documents to the extent they have not done so already.

Numbers 23, 24 - These requests seek information on institutional and living unit rules for institutions and camps. As such, they are not relevant to parole revocation proceedings.

Number 25 - This request seeks information concerning PBD Extensions, PBD Reviews or "time-adds," all of which are not relevant to the claims in the FAC regarding parole revocation proceedings.

\\\\\\

Number 36 - This request is overbroad in seeking all agendas or other documents showing the outcome of all hearings before the JPB. Defendants have agreed to produce those documents regarding parole revocation hearings only. Plaintiffs' motion is granted only in this regard.

Numbers 37, 38, 40 - These requests seek DDMS ("Disciplinary Decision Making System") documents. DDMS concerns the disciplinary time-add process and therefore is not relevant to the issues in this case related to parole revocation hearings. Plaintiff's motion is denied with respect to these requests.

II. Plaintiffs' Motion to Compel Third Request for Inspection

This motion relates to plaintiffs' request for inspection, served January 11, 2008. Defendants denied plaintiffs' request to attend the training. Requests at issue here are numbered 1 (request to observe trainings), 3 (request for training materials), 4 (request to inspect WIN and OBITS), and 5(b) (list of locations where WIN and OBITS are used).

Plaintiffs seek inspection pursuant to Fed. R. Civ. P. 34. In part, defendants repeat their prior argument that plaintiffs are attempting to expand the litigation to matters beyond the scope of the parole revocation process, despite the district court's order denying plaintiffs' motion to amend the FAC and limiting it to the parole revocation process only.

Federal Rule of Procedure 34 provides that a party may request of another party permission to:

> inspect, copy, test, or sample any designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained - translated, if necessary, by the respondent into reasonably usable form, .... or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection ....

Inspection of property and "things" is well established in federal discovery law, Fed. R. Civ. P. 34.

\\\\\

Request No. 1 - Observe Training Sessions

This type of inspection will not be permitted because plaintiffs have provided no evidence that defendants have not complied with the court's preliminary injunction. To permit such an inspection now in the absence of such evidence would indirectly appoint plaintiffs' counsel as a compliance monitor. Judge Karlton has not made such an order. Defendants have already provided training materials.

Request Number 3 - Documents Used in or Distributed at Training Sessions Scheduled for February, March, and April, 2008

Defendants represented at hearing that Shelly Jones recently testified at deposition as to what training materials were handed out. Defendants represented at hearing that they will be producing all training materials referenced by Ms. Jones, to the extent they have not done so already. Therefore, this request is granted to the extent defendants have not yet complied in full. The court will not require a verification that the training materials testified to at this deposition are all the materials which are being handed out at these sessions because Jones' deposition testimony suffices.

Request Number 4 - Request to Inspect and Test the Capabilities of WIN (Ward Information Network) and OBITS (Offender Based Information Tracking System)

Plaintiffs want defendants to demonstrate how these database systems work and perform requested queries. At the hearing, plaintiffs withdrew their request to be trained on these systems, but maintained their request for a demonstration. Rule 34 does not require a party to perform tests or demonstrations for a requesting, opposing party. Sperberg v. Firestone Tire and Rubber Co., 61 F.R.D. 80 (N.D. Ohio 1973). Moreover, that request is denied because it is premature at the present time, but rather is more appropriate after a final injunction is entered. Furthermore, plaintiffs can obtain the information they seek through a Rule 30(b)(6) deposition.

\\\\\

\\\\\

Request Number 5(b) - List of Locations Where WIN and OBITS Are Used

In addition to a list of locations where these databases are used, plaintiffs also request a list of scheduled trainings on these two systems between January 1, 2008 and April 30, 2008, with continual updates, including locations, dates and times.

Rule 34 is not an appropriate mechanism to obtain this information. Plaintiffs may depose the person most knowledgeable on each system pursuant to Rule 30(b)(6).

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiffs' motion to compel production of second request for production of documents, filed February 7, 2008, is granted in part and denied in part in accordance with the terms of this order. Defendants shall produce all documents ordered to be produced within **five court days** of this order, including those documents defendants have represented in the joint statement that they will produce.

2. Plaintiffs' motion to compel compliance with plaintiffs' third request for inspection, filed February 14, 2008, is denied in part, and granted in part with respect to number 3 as outlined above.

DATED: 03/20/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. Magistrate Judge

GGH:076/L.H.2042.mtns