BINGHAM McCUTCHEN LLP
GEOFFREY HOLTZ – 191370
KRISTEN A. PALUMBO – 215857
BRIANA LYNN ROSENBAUM – 239977
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
MEGHAN R. LANG – 221156
MARIA V. MORRIS – 223903
SHIRLEY HUEY – 224114
SARAH M. LAUBACH – 240526
315 Montgomery Street, Tenth Floor
San Francisco, California 94104
Telephone: (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER – 83925
SARA NORMAN – 189536
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

YOUTH LAW CENTER
SUSAN L. BURRELL – 074204
CAROLE SHAUFFER – 100226
CORENE KENDRICK – 226642
200 Pine Street, 3rd Floor
San Francisco, CA 94104
Telephone: (415)543-3379

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.H., A.Z., D.K., D.R., M.N., and R.C., on behalf of themselves and all other similarly situated juvenile parolees in California,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ARNOLD SCHWARZENEGGER, Governor, State of California, JAMES E. TILTON, Secretary (A), California Department of Corrections and Rehabilitation ("CDCR"); KINGSTON "BUD" PRUNTY, Undersecretary, CDCR; BERNARD WARNER, Chief Deputy Secretary of the Division of Juvenile Justice; JOE MONTES, Director, Division of Juvenile Parole; DENNIS DULAY, Acting Deputy Director of the Division of Juvenile Parole Operations; JOHN MONDAY, Executive Director of the Board of Parole Hearings ("BPH"); JAMES DAVIS, Chair of the BPH; JOYCE ARREDONDO, PAUL CHABOT, JOSEPH COMPTON, SUSAN MELANSON, THOMAS MARTINEZ, ASKIA ABULMAJEED, and CHUCK SUPPLE, Commissioners and Board Representatives, CDCR; DIVISION OF JUVENILE JUSTICE; BOARD OF PAROLE HEARINGS; and the JUVENILE PAROLE BOARD,<br><br>　　　　Defendants. | Case No. 2:06-CV-02042-LKK-GGH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DISCOVERY SANCTIONS FOR DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF THIS COURT'S MARCH 20, 2008 ORDER, AND FOR VIOLATION OF RULE 34**<br><br>Date:　　　April 24, 2008<br>Time:　　　10:00 a.m.<br>Courtroom: 24<br>Judge:　　　Hon. Gregory G. Hollows<br>　　　　　　Magistrate Judge |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THE ABOVE-ENTITLED ACTION:

PLEASE TAKE NOTICE that on April 24, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard, the Plaintiff Class will and hereby does move this Court for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), and (d), and Eastern District Local Rules 11-110 and 37-251(e), for the failure by Defendants to comply with the Court's Orders. Plaintiffs make this motion and on the grounds that, in direct violation of this Court's Orders, defendants have failed to produce all documents they have been ordered to produce, and have failed to produce electronic documents in their native format as requested by plaintiffs and required by the Court's Orders and Federal Rule of Civil Procedure 34.

The Motion is supported by this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Maria V. Morris in Support of Plaintiffs' Motion for Discovery Sanctions ("Morris Decl."), the exhibits attached thereto, also filed herewith, the papers and pleadings on file in this action, and other such pleadings, and evidence and arguments as may come before the Court upon the hearing of this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs brought this suit to put an end to defendants' unconstitutional practices in the parole violation process for parolees under the jurisdiction of the Division of Juvenile Justice ("DJJ"). Defendants detain parolees for lengthy periods prior holding any hearing, and then, when they finally get to the hearing, parolees are usually denied the right to counsel.

Throughout this litigation defendants have stalled and delayed at every turn, wasting the resources of the parties and the Court. Every discovery request by plaintiffs has met numerous requests for extensions, and ultimately required one or more motions to

1

PLS.' NO. OF MO. & MO. FOR DISCOVERY SANCTIONS FOR DEFS.' FAILURE TO PRODUCE DOCS. IN VIOLATION OF 03-20-2008 ORDER, & FOR VIOLATION OF R. 34 - Case No. 2:06-CV-02042-LKK-GGH

compel. Almost every time plaintiffs have been forced by defendants' failure to produce or respond to file a motion, two things have happened: (1) defendants finally produce something on the day before, or even the day of, the hearing; and (2) defendants are ordered by the Court to produce more. This Motion for Sanctions is brought because, again, defendants failed to meet their discovery obligations, and did so even after the Court directly ordered them to produce.

Having learned of defendants' *Morrissey* Databases/Logs over the course of discovery, and having received limited and haphazard portions of them – from Northern California only – in the prior productions, on November 21, 2007, plaintiffs served a discovery request asking for these key documents by name.

The *Morrissey* Databases/Logs provide much of the central information in this case. They show both the date of the parole hold, and the date of the revocation hearing. They show whether witnesses were contacted. They show whether a parolee requested counsel. They show whether the parolee was granted counsel. They show whether witnesses were requested, contacted and present. They show how long prior to the revocation hearing a parolee is served with information about the charges. They show where the hearing is, and the parolee's parole location, thus providing information about whether the hearing is within 50 miles of the parolee's home. They show what the outcome of the revocation hearing was, including whether defendants imposed a "temporary detention" on the parolee.

Had the complete *Morrissey* Databases been produced in response to the first set of requests for production – as they should have been – or had they been reviewed by the persons responding to plaintiffs' interrogatories – as they should have been – many of the motions and discovery requests could have simply been avoided. Indeed, the Morrissey Databases/Logs answer many of the interrogatories that defendants asserted they could not answer without reviewing every single ward file by hand. Had defendants simply reviewed the complete Morrissey Databases/Logs, or produced them, for the purpose of answering the interrogatories, plaintiffs' earlier sanctions motion would not have been

2

PLS.' NO. OF MO. & MO. FOR DISCOVERY SANCTIONS FOR DEFS.' FAILURE TO PRODUCE DOCS. IN VIOLATION OF 03-20-2008 ORDER, & FOR VIOLATION OF R. 34 - Case No. 2:06-CV-02042-LKK-GGH

necessary.

However, the complete *Morrissey* Databases/Logs were not produced or reviewed, requiring plaintiffs to propound more discovery, asking for them by name. Still, defendants failed to produce them, requiring plaintiffs to move to compel their production. The Court granted this motion on March 20, 2008. *See* Docket Number ("Dkt.") 291. Still, defendants failed to produce them for half the state for any year since 2001.

Defendants also failed to produce invoices or accounting documents related to the appointment of counsel. Again, this is in direct violation of the Court's Order.

Additionally, the documents that defendants did produce pursuant to this Court's March 20, 2008 Order and those few documents produced without an order were improperly converted from their original format, which was searchable and often sortable, into Adobe Portable Document Format ("PDF") files that are not searchable or sortable. Defendants thus stripped the documents of a significant amount of information, and ensured that plaintiffs would have to waste their time and resources on a less effective review than would be possible with the documents in their native format. Defendants' process of converting the documents, in violation of the Court's Order to produce "complete databases" and in violation of Rule 34, may well have been part of the reason for defendants' need for an extension to produce the documents.

Defendants' stalling tactics and their failure to produce all documents ordered produced, in their native (and most useful) format, should be sanctioned. Plaintiffs respectfully request that this Court consider whether civil contempt proceedings should be commenced against defendants for their violations of the March 20, 2008 Order, particularly given their repeated failure in this case to comply with discovery Orders. Plaintiffs also request that the Court order defendants (1) to produce, no later than April 28, 2008, all documents that were ordered produced in the March 20, 2008 Order; (2) to produce, no later than April 28, 2008, all documents produced in response to the November 21, 2007 document requests in native format; (3) to file with the Court, and serve on plaintiffs, no later than April 28, 2008, a certification that they have produced all

3

responsive documents and done so in native format; and (4) to pay all of plaintiffs' reasonable expenses, including attorneys' fees, incurred in bringing this motion. Should defendants fail to produce all documents, in native format, and certify that they have done so, plaintiffs request that the Court (1) bar defendants from introducing any evidence or argument that any aspect of the juvenile parole revocation process is different in the southern parole region than the practices of the northern parole region; and (2) issue an evidentiary ruling that the Morrissey Databases/Logs for Northern California are presumptively representative of defendants' parole revocation processes.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On November 21, 2007, Plaintiffs served a set of requests for production of documents. Dkt. 278, Ex. A. The document requests specifically stated that electronic documents should be produced in their native format. *Id*. at 5. Request Number 22 sought:

> ALL DOCUMENTS AND FILES that RELATE TO the databases created or maintained by Shelly Jones, including but not limited to the appeal database, *Morrissey* database, attorney database, WIC 1800.5 database, board order corrections database, as described in the deposition of Shelly Jones, April 11, 2007.

*Id*. at 10-11.

On December 27, 2007, defendants responded, agreeing to produce certain documents, objecting to other requests. Dkt. 278, Ex. B. Following a meet and confer process, Plaintiffs brought a motion to compel the production of responsive documents, which was heard by this Court on March 6, 2008. The day before the hearing, defendants produced a small set of documents responsive to the document requests. Declaration of Maria V. Morris in Support of Motion for Discovery Sanctions ("Morris Decl."), Ex. A. The Court issued an Order on March 20, 2008 requiring defendants to produce certain documents by March 27, 2008, if they had not already done so, and to identify all previously produced documents by Bates number. Dkt. 291 at 5. With respect to Request No. 22, the Court ordered defendants to "turn over the complete databases [except the one

4

PLS.' NO. OF MO. & MO. FOR DISCOVERY SANCTIONS FOR DEFS.' FAILURE TO PRODUCE DOCS. IN VIOLATION OF 03-20-2008 ORDER, & FOR VIOLATION OF R. 34 - Case No. 2:06-CV-02042-LKK-GGH

1  relating to WIC 1800.5] as requested to the extent that they have not already done so." *Id.*
2  at 6. The databases were to be in "updated form as of the present date." *Id.*
3      On March 26, 2007, defendants asked for a one-week extension to complete the
4  production. Dkt. 303. Plaintiffs did not oppose. The Court granted the one week
5  extension, giving defendants until April 3, 2008, to complete production. Dkt. 311.
6      On April 3, 2008, defendants produced 3 CDs of documents. Morris Decl. Ex. B.
7  There was no index and little information about what was included in the production. *Id.*
8  The cover letter stated that invoices for attorney appointments were still being collected
9  and would be produced shortly. *Id.*
10     The CDs contain PDF copies of the documents produced. Morris Decl. ¶ 7. The
11 first page of each PDF is a cover sheet, identifying the request to which the document is
12 responsive. By opening each PDF, plaintiffs determined that one page of each entry on
13 the *Morrissey* Databases/Logs for Northern California for each year since 2001 had been
14 printed out, scanned into a PDF, and produced. The most recent Southern California
15 *Morrissey* Databases/Logs located in this process was for 2001, also converted to PDF.
16 Morris Decl. ¶ 9.
17     Plaintiffs also determined that various other obviously electronic documents, such
18 as the appeals database and CompStat, were converted to PDF. Morris Decl. ¶ 12;
19 Exs. H-J.
20     On April 7, 2008, plaintiffs sent a letter to defendants requesting further
21 clarification on the failure to produce the Southern California *Morrissey* Databases/Logs,
22 and requesting immediate production of electronic versions of all electronic documents.
23 Morris Decl. Ex. C.
24     On April 8, 2008, defendants e-mailed a response, stating: "With regards to the
25 *Morrissey* logs, we are currently collecting the remaining logs from Southern California
26 and will provide them on a disk in the very near future." Morris Decl. Ex. D. The e-mail
27 also stated that defendants were "looking into providing the previously-produced
28 electronic database documents in their native format" and that they would not be produced

5

1  by April 9, 2008 as requested in the letter, but rather that defendants would "try to obtain
2  the documents in electronic format and get them to [plaintiffs] as soon as possible." *Id.*

3  Plaintiffs again requested immediate production, in native format, of all responsive
4  documents, reminding defendants of the Court Order that, with the extension, they
5  produce by April 3, 2008. Morris Decl. Ex. E. Plaintiffs also asked whether there was
6  anything else defendants had not yet produced. *Id.* Defendants did not respond. On April
7  9, 2008, plaintiffs put defendants on notice that they would file a motion for sanctions if
8  defendants did not produce the documents by April 10, 2008. Morris Decl. Ex. F.

9  On April 10, 2008, defendants informed plaintiffs that they expected to produce
10 some of the remaining documents by the close of business on April 10, 2008. Morris
11 Decl. Ex. K. Because this would leave no time to examine what was produced, and
12 because of the pending discovery cut-off, plaintiffs responded that they would file the
13 motion and consider withdrawing it if and when the production was complete. Morris
14 Decl. Ex. L.

15 Because defendants have already been ordered to produce the documents at issue in
16 this motion, and because plaintiffs are seeking sanctions, including the consideration of
17 civil contempt proceedings, immediate production of previously ordered documents,
18 certification of complete production to be filed with the Court, expenses, and possibly
19 evidentiary or issue sanctions, plaintiffs are filing this motion pursuant to E.D. Local Rule
20 37-251(e).

21 **III.    ARGUMENT**
22     **A.    Legal Standard**
23 If, following a court order to provide discovery, the party upon whom
24 interrogatories were served fails to obey the order, the court may issue "further just
25 orders," including sanctions. Fed. R. Civ. P. 37(b)(2)(A); see also E.D. Local Rule 11-
26 110. Such sanctions may include issue or evidentiary sanctions, such as preclusion from
27 presenting defenses or evidence, or the rendering of a judgment by default against the
28 disobedient party. Fed. R. Civ. P. 37(b)(2). The party may also be found to be in

6

PLS.' NO. OF MO. & MO. FOR DISCOVERY SANCTIONS FOR DEFS.' FAILURE TO PRODUCE DOCS. IN
VIOLATION OF 03-20-2008 ORDER, & FOR VIOLATION OF R. 34 - Case No. 2:06-CV-02042-LKK-GGH

contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii). Similarly, if a party fails to produce responsive documents, it may be subject to issue or evidentiary sanctions. Fed. R. Civ. P. 37(d). Further, the Court can order the payment of reasonable expenses, including attorneys' fees for a party found in violation of a court order, or for a party that has improperly failed to produce responsive documents. Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

### B. Defendants Violated The Court's Order By Failing To Produce The *Morrissey* Logs From Southern California.

On December 27, 2007, defendants agreed to produce the databases requested in Request No. 22. Dkt. 278, Ex. B. They did not do so. This Court ordered defendants to produce "complete databases … in updated form as of the present date" by no later than March 27, 2008. Dkt. 291. On March 26, 2008, defendants sought another week to produce, which plaintiffs did not oppose and the Court granted. Dkt. 303, 311.

When defendants made their production on April 3, 2008, there was no mention that they had not yet "collect[ed]" all the databases. Morris Decl. Exs. B, D. It was only in response to plaintiffs letter that defendants admitted that they had not produced the *Morrissey* Databases/Logs for half the state for any of the last 6 years.

This database is central to this litigation. Based on a preliminary review of the database for Northern California, this database provides systematically collected information relating to: hold-to-hearing time; whether attorneys are requested; whether attorneys are appointed; whether parolees admit to violations without the assistance of counsel; whether witnesses are requested, contacted, and present at the revocation hearing; where hearings are held as well as the parole location; whether the parolee is revoked, continued on parole or given a temporary detention; and the lack of information about need for accommodation. Morris Decl. Ex. G. Many of these issues are the very same issues defendants previously claimed could not be determined without a hand review of every master file. *See* Dkt. 193, 194.

Defendants' failure to produce these databases is a direct violation of this Court's March 20, 2008 Order. Given the importance of these databases, the pending discovery

7

cut-off, and defendants' bad faith in failing to produce these databases without the Court's intervention, and then again in violation of the Court's Order, plaintiffs request that the Court sanction defendants' conduct.

### C. Defendants Violated The Court's Order By Failing To Produce The Accounting Documents Relating to the Appointment of Counsel.

The Court ordered defendants to produce "accounting information such as invoices, as it relates to cost of appointment of counsel at parole revocation hearings and any other hearings where counsel are currently required to be appointed." Dkt. 291 at 4. Defendants have provided no such information. The only information included in the production in response to plaintiffs Second Request for Production of Documents regarding the billing or payment of counsel is the contract between McGeorge School of Law (CalPAP) and the BPH. Morris Decl. ¶¶10-11.There are full year budget figures, but no mention at all of the provision of attorneys to juveniles or any breakdown at all regarding the use of the contract for Juvenile Parole Board Hearings. *Id*.

Defendants have stated that they will produce the invoices and other accounting documents. Morris Decl. Ex. B. However, as of the time of writing these documents have not been produced and defendants have not requested further extensions from the Court. Morris Decl. ¶ 7, 10, Ex. K.

### D. Defendants Violated The Court's Order By Failing To Produce Electronic Documents In Their Native Format As Required By Rule 34.

Under Federal Rule of Civil Procedure 34, a party may specify the form in which production of electronic documents will be made. Fed. R. Civ. P. 34(b)(1)(C). If the responding party seeks to produce in a different form, that party must object to the requested form and state the form in which it intends to produce. Fed. R. Civ. P. 34(b)(2)(D).

Plaintiffs requested that all electronic documents be produced in their native format. Dkt. 278, Ex. A at 5. Defendants did not object to this aspect of the requests. Dkt.278, Ex. B. With regard to the databases, the Court ordered production of the "complete databases."

8

However, defendants converted electronic databases and other electronic documents into PDFs. Morris Decl. ¶¶ 8, 9, 12. From plaintiffs' review, it appears that the following documents were converted from some sort of electronic database to a PDF[1]:

| Doc. Req. No. (as identified by Defendants) | Name of Document | Bates Number |
|---|---|---|
| 21 | Master File Logs (2001-2008) | DEF POD2-000686-000754 |
| 8, 20, 22 | Appeal Logs (2002-2003) | DEF POD2-000293-000301 |
| 8, 20, 22 | Ward Appeals database (August 2004 – January 2008) | DEF POD2-000302-000603 |
| 22 | Board Order Correction Logs (2001-2007) | DEF POD2-037908-041651, DEF POD2-051819-51846 |
| 30 | Unit Data Collection Reports | DEF POD2-041653-042121, |
| 39 | CompStat | DEF POD2-042383-042433 |
| 22 | *Morrissey* Logs, (2001, 2003 / NorCal)[2] | DEF POD2-035673-037906 |
| 22 | *Morrissey* Logs, (2001 / SoCal) | DEF POD2-048334-049273 |
| 22 | *Morrissey* Logs, (2004-2007 / NorCal) | DEF POD2-049275-051817 |
| 8 | Appeal Board Orders (unsigned) | DEF POD2-000049-000291 |

All of these electronic documents include information about revocation hearings or appeals thereof. *See, e.g.*, Morris Decl. Exs. G-J. All but the Unit Data Collection Reports and the CompStat documents were specifically addressed in the Court's March 20, 2008 Order.[3] Dkt. 291 at 5:16-6:5; 6:18-20.

In the conversion to PDFs, the documents have been stripped of metadata, such as

---

[1] Plaintiffs do not object to the production of the Ward Movement and Status Change Summaries as PDFs. These documents are ordinarily in OBITS, a database that is not available to plaintiffs and is, by all accounts, outdated.

[2] Defendants did not produce the *Morrissey* Database/Logs for Northern California for 2002. However, because of the age of these documents and the overall completeness of the production of *Morrissey* Databases/Logs for Northern California, plaintiffs do not seek sanctions for the failure to produce the 2002 Northern California *Morrissey* Database/Log.

[3] The CompStat documents were not addressed in the motion to compel because defendants agreed to produce them.

9

information about when a document was created or modified, who received it, who created it, who had access to it.

Moreover, a database is created as a tool to enable easy retrieval of information. By turning databases into simply pages, much of the information available from a database is lost. The PDFs are not searchable or sortable, whereas the electronic versions would be. Morris Decl. ¶ 13. This means plaintiffs cannot easily locate a particular parolee in a large database. Some databases may be sortable in ways that would show trends over time, such as lengthening or shortening of time for appeals or hearings. Defendants' improper conversion of the documents requires plaintiffs to spend more time and resources to understand of what they contain, and even then, plaintiffs may miss important information because of the inability to use the database as it was intended.

Because plaintiffs asked for electronic documents in native format, and defendants did not object, defendants should have produced each of these electronic documents in native format. *See* Fed. R. Civ. P. 34. Further, because this Court specifically ordered defendants to produce the "complete databases … in updated form," the failure to produce the databases in their entirety and in conformity with Rule 34 is a violation of the Court Order. Defendants' conduct should be sanctioned.

### E.  Sanctions Requested

Plaintiffs request that defendants be sanctioned for their failure to timely produce all documents ordered by the Court, and to produce all electronic documents in native format in compliance with the plaintiffs' requests and Federal Rule of Civil Procedure 34.

Defendants have repeatedly violated their discovery obligations and this Court's Orders in this case. *See* Dkt. 81, 202. Defendants' continued stalling tactics and their failure to produce all documents ordered produced, in their native (and most useful) format, should be sanctioned. In light of the previous violations of discovery rules and Court Orders, plaintiffs respectfully request that this Court to consider commencing civil contempt proceedings against defendants for their failure to comply with the Court's March 20, 2008 Order. Further, plaintiffs request that the Court order defendants (1) to

10

PLS.' NO. OF MO. & MO. FOR DISCOVERY SANCTIONS FOR DEFS.' FAILURE TO PRODUCE DOCS. IN VIOLATION OF 03-20-2008 ORDER, & FOR VIOLATION OF R. 34 - Case No. 2:06-CV-02042-LKK-GGH

produce, no later than April 28, 2008, all documents that were ordered produced in the March 20, 2008 Order; (2) to produce, no later than April 28, 2008, all documents produced in response to the November 21, 2007 document requests in native format; (3) to file with the Court, and serve on plaintiffs, no later than April 28, 2008, a certification that they have produced all responsive documents and done so in native format; and (4) to pay all of plaintiffs' reasonable expenses, including attorneys' fees, incurred in bringing this motion.  Should defendants fail to produce all documents, in native format, and certify to the Court and plaintiffs by April 28, 2008 that they have done so, plaintiffs request that the Court (1) bar defendants from introducing any evidence or argument that any aspect of the juvenile parole revocation process is different in the southern parole region than the practices of the northern parole region; and (2) issue an evidentiary ruling that defendants' parole revocation practices are presumptively as represented in the *Morrissey* Databases/Logs for Northern California.

## IV. Conclusion

For the foregoing reasons, plaintiffs respectfully request that this Court sanction defendants for their instant and repeated violations of this Court's Orders and of the Federal Rules of Civil Procedures by issuing such sanctions orders as it sees just.

Dated:  April 10, 2008                                  Respectfully submitted,

                                                        ROSEN, BIEN & GALVAN, LLP


                                                        By: */s/ Maria V. Morris*
                                                            Maria V. Morris
                                                            Attorneys for Plaintiffs