IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L.H., A.Z., D.K., and D.R.,
on behalf of themselves and all
other similarly situated juvenile
parolees in California,

       Plaintiffs,              No. CIV S-06-2042 LKK GGH

   vs.

ARNOLD SCHWARZENEGGER, et al.,

       Defendants.       <u>ORDER</u>

_____/

       Previously pending on this court's law and motion calendar for April 24, 2008, were three motions filed by plaintiffs: motion for discovery sanctions for failure to produce documents in compliance with this court's March 20, 2008 order, filed April 10, 2008; motion to compel improperly withheld documents and adequate privilege log, filed March 13, 2008; and motion to compel production of documents and compliance with the September 21, 2007 sanctions order, filed April 3, 2008. Maria Morris and Sarah Laubach appeared for plaintiffs. Cynthia Fritz appeared for defendants.[1] Having reviewed the motions and joint statements, and heard oral argument, the court issued an interim order on April 25, 2008. The following order is

_____

[1] Shelly Jones also sat at counsel table.

1

1    explanatory in nature, and also encompasses issues not contained in the interim order.

2    With the previously looming discovery cutoff of April 30, 2008, plaintiffs bring

3    these motions, all of which contain the recurring theme that defendants have continued to delay

4    production of documents, to plaintiffs' detriment.[2]

5    DISCUSSION

6    I.  Plaintiffs' Motion for Sanctions Resulting From Defendants' Failure to Comply With

7    the March 20, 2008 Order

8    Plaintiffs seek sanctions for defendants' failure to produce all documents ordered

9    by the court on March 20, 2008.  That order required defendants to produce certain documents

10   responsive to plaintiffs' second request for production of documents within five court days, and

11   to comply in part with plaintiffs' third request for inspection.  The court granted defendants'

12   request for extension of time on March 31, 2008, giving them until April 3, 2008 to produce the

13   documents.

14   Defendants argue that they produced over 55,000 pages of documents, and 51,000

15   pages within the time ordered, and have substantially complied with the order.  They also

16   produced more documents after the order and produced documents in multiple formats.  They

17   argue that sanctions are not appropriate.  Furthermore, they state that Shelly Jones was very busy

18   during this time period, responding to numerous court orders and discovery requests, and had

19   family related health issues which caused her to miss some time from work.  The documents at

20   issue have been categorized as follows.

21   \\\\\

22   \\\\\

23

24       [2]  The undersigned has often explained to the parties that he is as bound by Judge
     Karlton's scheduling orders as they are.  That is one of the reasons the interim order issued as
25   soon as it did.  Unless defendants have already represented in their papers prior to discovery
     cutoff, or at hearing, that documents are in the process of being produced, the undersigned has no
26   authority to order them produced outside the parameters of the scheduling order.  Sanctions are
     another matter, and action on such requests are not precluded by the scheduling order.

A. <u>Morrissey Databases/Logs from Southern California</u>

According to plaintiffs, defendants have failed to produce the complete Morrissey databases/logs, having failed to produce them for Southern California for any year since 2001, and that year was produced in PDF format. Although defendants produced Morrissey databases/logs for Northern California for every year since 2001, they were produced in PDF format.

Defendants indicate that on April 3rd they produced some Morrissey logs for the southern part of the state, and on April 10th, the day plaintiffs filed their sanctions motion, they produced the majority of such documents. Also on April 10th, defendants state they produced most of the Morrissey logs in their native format. In their reply, plaintiffs indicate that no Morrissey logs were produced for 2008 until April 16, 2008, six days after plaintiffs filed their sanctions motion. Defendants state that plaintiffs should now have all Morrisey log databases that defendants have and can locate in their native electronic format. The reason these logs were late is that IT staff had to convert the database to a different version of File Pro Maker so Shelly Jones could access it and then print the pages from the database. This process took extra time, resulting in a delayed production of most Morrissey logs on April 9, 2008.

The court pauses at this juncture to make its general observations about defendants' compliance with discovery requirements in this case, which observations are relevant to resolution of certain sanctions requests.

From the first discovery motion in this case to the present time, the undersigned has striven to be receptive to the difficulties governmental defendants face in class action litigation. The discovery requested can be voluminous, and government staffing is not set up such that state agencies have a plethora of resources to deal with the multitude of discovery obligations. Oftentimes, discovery is easily requested and not so easily the subject of response. Nevertheless, defendants did not seek to resolve problems via discovery conferences or other available avenues, but simply, unilaterally denied/delayed discovery until plaintiffs were

1 compelled to file motions.  Or, defendants and their attorneys understaffed the discovery effort to
2 the point where non-compliance was guaranteed.  Defendants then sought the solicitude of the
3 court for the difficulties they face, and in most instances have exacerbated.  The court has little
4 solicitude left.

5          Defendants' asserted substantial justification for delayed or incomplete
6 compliance with these legitimate discovery requests is reliance on the above named state
7 employee to respond to all of this discovery, as well as her family health issues for a period of
8 time.  Such reliance on one employee for a statewide class action lawsuit affecting all the
9 juvenile wards and parolees is not justified.

10          Defendants completed production almost two weeks after this court's order
11 required it, forcing plaintiffs to file not only a motion to compel, but a motion for sanctions.  As
12 this is just one of many delays by defendants in this case, plaintiffs will be awarded sanctions.

13                    B.  Accounting Documents Relating to Appointment of Counsel

14          Plaintiffs contend that defendants have also failed to produce invoices or
15 accounting documents related to the appointment of counsel for hearings where counsel are
16 required to be appointed.  The only document(s) produced in response to plaintiffs' second
17 request was the contract between McGeorge Law School (CalPAP) and the Board of Parole
18 Hearings ("BPH").  Of the produced documents, the information does include full year budget
19 figures, but makes no mention of the provision of attorneys to juveniles or any breakdown
20 regarding use of the contract for Juvenile Parole Board Hearings.  Although defendants
21 represented they would produce invoices and other accounting documents, they apparently only
22 did so two weeks after the April 3rd deadline given them upon their request for extension, well
23 after plaintiffs filed their motion for sanctions.  As of April 21, 2008, the date plaintiffs filed
24 their reply, defendants still had not produced fax cover sheets created when defendants go
25 through the process of scheduling an attorney with CalPAP.  At hearing, plaintiffs indicated that
26 defendants had produced the cover sheets the previous Friday, but plaintiffs had not reviewed

4

1    them.  Such production was tardy by over two weeks.

2           Defendants shall produce all outstanding summary or accounting documents

3    relating to appointment of counsel, forthwith.[3]

4                  C.  Electronic Documents Not Produced in Native Format

5           Plaintiffs argue that of the documents defendants did produce pursuant to the

6    March 20, 2008 order and aside from that order (pursuant to plaintiffs' separate requests), they

7    were improperly converted from their original format which had been searchable and sortable,

8    into PDF files which did not have these capabilities.[4]  Although the court ordered deadline after

9    extension, was April 3rd, as of April 8th, defendants were representing that they would produce

10   the Southern California logs in the "very near future," and the electronic documents in their

11   native format "as soon as possible."  In fact, on the April 3rd production date, defendants did not

12   even mention that they had not yet collected all the databases.  Defendants dispute these

13   contentions, stating that their cover letter of April 3rd enclosed with the produced documents,

14   stated that they were still collecting additional documents for production.  It was only after

15   plaintiffs sent a letter that defendants admitted they had not produced the Morrissey

16   databases/logs for half of the state for any of the last six years.  Defendants eventually produced

17   many of the documents in electronic format, and this court's interim order of April 25, 2008

18   required defendants to produce all documents not already produced in reasonably usable format

19   to be so produced by April 30, 2008.

20          Federal Rule of Civil Procedure 34 was amended in 2006 to address electronic

21   discovery.  It provides in part that a party may request documents, including electronically stored

22   information, "from which information can be obtained either directly or, if necessary, after

23
24          [3]  Because the parties agreed to production prior to discovery cutoff, the court will enforce the agreement.

25          [4]  Plaintiffs cite various examples, including the appeal database updated to the present,
26   which was not produced until April 10, 2008, and the attorney database which was not produced
     until April 17th.  Reply at 2:18, 2:21.

1  translation by the responding party into a reasonably usable form...." Fed. R. Civ. P. 34(a)(1)(A).

2  The form of production is explained in the Advisory Committee Notes to the 2006 amendment:

3          The rule does not require a party to produce electronically stored
           information in the form it [sic] which it is ordinarily maintained, as
4          long as it is produced in a reasonably usable form.  But the option
           to produce in a reasonably usable form does not mean that a
5          responding party is free to convert electronically stored information
           from the form in which it is ordinarily maintained to a different
6          form that makes it more difficult or burdensome for the requesting
           party to use the information efficiently in the litigation.  If the
7          responding party ordinarily maintains the information it is
           producing in a way that makes it searchable by electronic means,
8          the information should not be produced in a form that removes or
           significantly degrades this feature.

9

10         Defendants' actions violated Rule 34 in producing documents which were not

11  searchable or sortable.  As a result, their argument that plaintiffs did not request the documents in

12  native electronic format or that the court's March 20, 2008 order did not require this format,

13  fails.

14         D.  Remedy

15         Plaintiffs seek a variety of sanctions; however, production of outstanding

16  documents was ordered on April 25, 2008.  To the extent that defendants do not comply with

17  these orders, the court will consider further sanctions such as contempt or evidentiary rulings

18  upon motion by plaintiffs.  At present, only plaintiffs' request for fees and costs will be

19  addressed.

20         "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion,

21  to impose a wide range of sanctions when a party fails to comply with the rules of discovery or

22  with court orders enforcing those rules."  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585,

23  589 (9th Cir. 1983).  Professors Wright and Miller have opined:

24          Any failure to disclose, regardless of the reason for it, brings the
            sanctions of Rule 37 into play, although the reason for the failure is
25          an important consideration in determining what sanction to impose.
            If the failure is because of inability to comply, rather than because
26          of willfulness, bad faith, or any fault of the party, the action may

6

1    not be dismissed, nor a default judgment given, and less severe sanctions
     are the most that should be invoked.
2

3    8A C. Wright & A. Miller, Federal Practice and Procedure, § 2284, at 620-22 (1994).

4    Rule 37 provides that in lieu of, or in addition to, imposing other sanctions,

5         If the motion is granted or if the disclosure or requested discovery
          is provided after the motion was filed, the court shall, after
6         affording an opportunity to be heard, require the party or deponent
          whose conduct necessitated the motion or the party or attorney
7         advising such conduct or both of them to pay to the moving party
          the reasonable expenses incurred in making the motion, including
8         attorney's fees, unless the court finds that the motion was filed
          without the movant's first making a good faith effort to obtain the
9         disclosure or discovery without court action, or that the opposing
          party's nondisclosure, response, or objection was substantially
10        justified, or that other circumstances make an award of expenses
          unjust.
11

12   Fed. R. Civ. P. 37(a)(4)(A).

13        "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient

14   party to show that his failure is justified or that special circumstances would make an award of

15   expenses unjust.  Notes of the Advisory Committee on Rule 37."  David v. Hooker, 560 F.2d

16   412, 419 (9th Cir. 1977).

17        Plaintiffs object to defendants' characterization of their production being only one

18   to two weeks late.  All of the documents now being produced are in fact responsive to plaintiffs'

19   First Set, served in the spring of 2007, and if defendants had produced them at that time,

20   plaintiffs could have brought summary judgment motions already.  As it now stands, summary

21   judgment motions must be heard by the end of June, requiring plaintiffs to bring them in May,

22   leaving very little time to review documents just produced.

23        Plaintiffs have detailed a litany of delays by defendants in this case.  Defendants

24   failed to provide timely responses to plaintiffs' first round of discovery resulting in this court's

25   April 2, 2007 sanction order finding defendants had waived most objections.  Defendants

26   responded but violated the court order by including waived objections.  After this violation,

7

1  plaintiffs were to bring a motion but defendants sought additional time to comply.  After

2  defendants produced 10,000 pages in early May, 2007, they represented to the court that this was

3  the majority of hard copy documents.  They then produced 100,000 more pages by August, 2007.

4  That still did not constitute all of the documents as more hard copy documents were recently

5  produced.  Defendants failed to provide reasonable responses to interrogatories, resulting in a

6  sanctions motion granted by the court on September 21, 2007.  In response to plaintiffs' third

7  request for production in February, 2008, defendants agreed to produce some documents but did

8  not, and did not provide firm dates for production even after plaintiffs moved to compel.

9  Defendants did not provide any response to plaintiffs' third request for inspection until the day of

10  the March 6, 2008 hearing.  In response to a 30(b)(6) notice of deposition scheduled for April 14,

11  2008, defendants produced a deponent for only one of three topics.  Defendants continue to

12  indicate that they will produce deponents on the other two topics but have failed to do so despite

13  looming discovery cutoff.  In regard to plaintiffs' motion to compel third set of requests for

14  production, defendants represented to plaintiffs and the court that they had produced responsive

15  documents to request number 1, but did not, and did not produce until the joint statement was

16  due.  Defendants produced no documents responsive to the second set of requests for production

17  until plaintiffs filed a motion to compel, and produced more after plaintiff filed their sanctions

18  motion.  <u>See</u> Reply at 7-9.

19          Defendants' conduct necessitated plaintiffs bringing the instant motion, and

20  required the court to devote its own resources to this matter.  Defendants' excuses are not

21  satisfactory.  This situation has all the earmarks of purposeful foot dragging on discovery.

22          Plaintiffs have been prejudiced from a case standpoint because discovery cutoff

23  was April 30, 2008, and the interim order required production only two days before the cutoff,

24  leaving plaintiffs with practically no time to object to production if it was not satisfactory, and no

25  time at all to object to discovery ordered today, as discovery has now passed.  Furthermore,

26  plaintiffs have been prejudiced in preparation of their anticipated summary judgment motion(s),

1  which could have been brought much earlier if not for defendants' delay.  Plaintiffs have been

2  forced to expend unnecessary time, effort and costs in seeking discovery, due directly to

3  defendants' unexcused delays, to the detriment of plaintiffs' other work on this case.

4          Therefore, plaintiffs' motion for sanctions is granted.  Plaintiffs' counsel shall

5  submit a declaration supporting a request for fees and costs incurred in bringing the instant

6  motion.

7      II.  Plaintiffs' Motion to Compel Production of Documents and to Compel Compliance

8  with the September 21, 2007 Sanctions Order

9          This motion seeks an order compelling two things.  First, plaintiffs seek responses

10  to their third request for production of documents as well as Rule 37 sanctions, and a finding of

11  waiver of privileges as a privilege log was not timely produced.  Second, they seek an order

12  requiring defendants to pay costs associated with this court's September 21, 2007 sanctions order

13  which include payment for copying approximately 270 master files.  According to plaintiffs,

14  defendants have not yet paid all invoices.  As a remedy, plaintiffs seek immediate payment,

15  establishment of a future copying fund, and sanctions.

16      A.  Plaintiffs' Third Request for Production of Documents

17          Plaintiffs served their third set of document requests on February 15, 2008.

18  According to plaintiffs, defendants provided responses to one request, but indicated that they

19  would not commit to production of the other four requests by April 30, 2008, the close of

20  discovery.  Plaintiffs seek full production by that date.  Defendants claim that they provided

21  timely objections, and ultimately produced documents in response to all requests.  They also

22  produced more responses on April 17, 2088, and additional responsive documents and a privilege

23  log on April 18, 2008, the day after the joint statement was filed.

24          Plaintiffs' request for production, set three, did not specify a time to actually

25  produce requested documents as is required by Fed. R. Civ. P. 34(b)(1)(B).  Rule 34 requires a

26  written *response* within 30 days after being served, but provides nothing express about the time

at which actual production shall take place.  The rule merely implies that the response will address the production time set forth in the request.  If no actual time of production is specified, defendants have little idea concerning the time of actual production.  Fed. R. Civ. P. 34(b)(2)(A).  Defendants timely responded in paper on March 17, 2008.  Laubach Decl., Ex. B.  Much of the actual production occurred within a month later, and the court ordered final production occurred on April 30th, within a month and a half after the timely response.  Since plaintiffs did not provide a time for actual production, a reasonable time is presumed, and defendants' production of the majority of documents by April 18, 2008 is considered a reasonable time frame.

Sanctions under Rule 37 are warranted only where a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34."  Since defendants responded timely under Rule 34, and made actual production within a reasonable time thereafter, their actions were substantially justified.  Although their privilege log was not produced until April 18th, the day after the joint statement was filed, it was produced six days before the hearing, and therefore defendants have not waived their privileges.  Eureka Financial Corp. v. Hartford Acc. and Indemnity Co., 136 F.R.D. 179, 184 (E.D. Cal. 1991).

Therefore, plaintiffs' motion to compel is granted in regard to this set, by way of the court order on April 25, 2008, requiring production by April 30, 2008, and denied in regard to sanctions.

### B.  September 21, 2007 Sanctions Order

Plaintiffs also seek to recover costs incurred by them for their work in reviewing, culling, and arranging master files as granted by the court on September 21, 2007.  Defendants state they have paid for part of the work and the remaining bills are being processed.  According to plaintiffs, defendants have not paid one invoice in the amount of $24,600.21 or reimbursed plaintiffs for an invoice plaintiffs paid in the amount of $1,833.29.  Defendants represented at hearing that the bill for $24,600.21 is being processed, and the bill for $1,833.29 is outstanding.  Defendants also represented that the normal processing time for such bills is eight to twelve

1    weeks. Therefore, defendants will be ordered to pay these outstanding bills within 45 days of the

2    April 24, 2008 hearing.

3         III. <u>Plaintiffs' Motion to Compel Production of Improperly withheld Documents and</u>

4    <u>Adequate Privilege Log</u>

5         This dispute concerns documents and privilege logs produced in August, 2007

6    pursuant to this court's April 2, 2007, July 13, 2007, and August 9, 2007, orders, based on

7    document requests served January 22, 2007. The first privilege logs were timely produced on

8    August 17, 2007 but consisted of 20 privilege logs which contained approximately 18,540

9    documents according to plaintiffs' estimates. The first log was 927 pages with from 1 to 30

10    entries per page. Morris Decl., ¶ 7. Defendants claimed 22,268 privileges in this log. <u>Id.</u>, ¶ 14.

11    When plaintiffs objected, defendants produced a single revised log on January 8, 2008, which

12    had grown to 947 pages for an additional 400 withheld documents. The total number of

13    privileges had grown from 22,268 to 25,656. <u>Id.</u> The log produced on April 16, 2008, was

14    represented to be a rough log which had not been thoroughly reviewed and which might be

15    revised in future. It appears to be almost as big as the first two logs. <u>Id.</u>, ¶ 34.

16         Plaintiffs also assert that defendants have been able to postpone this hearing

17    several times, in anticipation of further production and privilege log revision; however,

18    defendants did not finally produce more documents until April 1 (3,000 documents), April 8

19    (4,000 documents), April 14 (4,000 documents), and another privilege log on April 16, the day

20    before the joint statement was to be filed. Plaintiffs believe there are improperly withheld

21    documents and that some privileges are inadequately asserted. Examples include entries lacking

22    many dates, authors, recipients, and insufficient description of documents. They seek an order

23    compelling production of improperly withheld documents by April 28, 2008.

24         This court's interim order of April 25, 2008 directed that documents listed on

25    defendants' privilege log for which the privileges claimed were deliberative process, official

26    information and/or privacy, were to be produced, so long as those were the only bases for claims

1  of privilege.[5]  The court also ordered defendants to produce a final omnibus privilege log by

2  April 30, 2008, which would not include documents already produced or ordered produced.

3  A.  <u>General Deficiencies in the Privilege Log</u>

4  Before addressing plaintiffs' concerns, the court notes that of the numerous

5  privilege logs provided to plaintiffs by defendants, copies of the three latest separate versions

6  have been provided to the court, none of which are the final version.  It is not clear if each of the

7  logs is a supplemental log or an omnibus log.  Each log lists privileged documents in a different

8  order and with a different document identification number than the previous log so it is

9  impossible to make a comparison between logs.  Looking for a document within the logs is

10  looking for the proverbial needle in a haystack.

11  Plaintiffs point to various general problems with the logs which the court finds to

12  be a blatant abuse of the purpose of the privilege log.  For example, there appear to be more than

13  100 entries indicating documents were created by or sent to counsel for plaintiffs in this case, 83

14  documents for which defendants have not identified any privilege, privileges claimed over

15  documents written by or to special masters in Valdivia and Farrell which were shared with

16  plaintiffs' counsel in those cases, who are the same counsel in this case, claimed privileges over

17  documents written by or sent to the court, and opinions written by other courts, just to name a

18  few.  Such abusive assertions of privilege subvert the purpose of the log.

19  This court already ordered defendants to produce a final omnibus privilege log on

20  April 25, 2008; however, to the extent that defendants continue to abuse the privilege log

21  procedure in this manner in their final privilege log, plaintiffs may bring a sanctions/waiver

22  motion before Judge Karlton and seek reference of the matter to the undersigned.

23  \\\\\

24  \\\\\

25

26  [5]  The basis for waiver of these privileges is discussed *infra*.

1          B.  Deliberative Process and Official Information Privileges

2          Plaintiffs point to a variety of problems with defendants' claimed protection under

3    these governmental agency privileges, the first of which is the lack of a declaration by anyone, let

4    alone an agency head.

5          Executive privileges asserted by a government agency have procedural

6    prerequisites:

7          There must be a formal claim of privilege, lodged by the head of
           the department which has control over the matter, after actual
8          personal consideration by that officer.  The court itself must
           determine whether the circumstances are appropriate for a claim of
9          privilege ...

10   United States v. O'Neill, 619 F.2d 222, 225 (3rd Cir. 1980) (quoting United States v. Reynolds,

11   345 U.S. 1, 7-8 (1953).  These requirements have been applied to all forms of "executive"

12   privilege.  Yang v. Reno, 157 F.R.D. 625, 632 (1994); Martin v. Albany Business Journal, Inc.,

13   780 F. Supp. 927, 932 (N.D.N.Y. 1992).  Courts have allowed the claim to be made by a person

14   in an executive policy position.  See Reynolds 345 U.S. at 8 n. 20, 73 S. Ct. at 532 n. 20 ("The

15   essential matter is that the decision to object should be taken by the minister who is the political

16   head of the department, and that he or she should have seen and considered the contents of the

17   documents and himself have formed the view that on grounds of public interest they ought not to

18   be produced . . .").  See also Scott Paper Co., 943 F. Supp. 501 (E.D. Pa. 1996); Yang, 157

19   F.R.D. at 632-34 & n.4 (1994) (considering official status necessary to invoke privilege,

20   collecting cases, and finding executive secretary of National Security Council could not invoke

21   governmental privileges); Mobil Oil Corp. v. Department of Energy, 102 F.R.D. 1, 6 (N.D.N.Y.

22   1983) (official invoking the privilege may be an agency head or a subordinate with high

23   authority).  Some jurisdictions do not allow the agency head to delegate the authority to claim the

24   privilege.  Scott, 943 F. Supp. at 502.  Other jurisdictions which allow the authority to be

25   delegated require the delegation to be accompanied by detailed guidelines regarding the use of

26   the privilege.  Id at 503.

1    Of critical importance, "the information for which the privilege is claimed must

2   be specified, *with an explanation why it properly falls within the scope of the privilege.*" In re

3   Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988) (law enforcement privilege) (emphasis added).

4   An official cannot invoke a privilege without personally considering the material for which the

5   privilege is sought. Yang, 157 F.R.D. at 634.  In the instant case, defendants have presented no

6   declarations whatsoever to support their claim of deliberative process privilege or official

7   information privilege.  Defendants have provided declarations in the past to support their claims

8   of privilege and thus were certainly aware of the procedural requirements.  See Order, filed May

9   25, 2007, at 4-5.  Therefore, these privileges have been waived.[6]

10              C. Privacy

11   Plaintiffs argue that there is no legal support for withholding documents on the

12   basis of privacy.  They also contend that the privilege log is inadequate here because it cannot be

13   determined whose privacy interests are implicated.  Even where defendants claim class members'

14   privacy rights, plaintiffs argue that wards' and parolees' private information is covered by the

15   protective orders in this case.  Plaintiffs are correct in this regard.  As directed in the interim

16   order, issued April 25, 2008, defendants shall produce all documents for which privacy rights

17   were claimed so long as no other viable privileges which have not been waived were claimed in

18   regard to these documents.  The protective orders on file in this case will sufficiently protect

19   against disclosure as the claims of privacy pertain to class members.  Defendants should have

20   known better than to claim protection based on privacy when they have previously produced such

21   documents in this case subject to the protective orders.

22   \\\\\

23   \\\\\

24

25        [6] Because no declarations were provided, the court will not address the substantive
     requirements of this privilege.  As previously ordered, all documents withheld on deliberative
26   process/official information grounds were to be produced.

1    D. <u>Attorney Client Privilege and Work Product Immunity</u>

2        Plaintiffs contend that defendants have claimed the attorney client privilege over

3    more than one hundred documents which are not confidential and show communications with

4    third parties and non-attorneys.  Plaintiffs also assert that many of the documents over which

5    work product protection are claimed were not drafted by an attorney and contain insufficient

6    information to support this qualified immunity.

7        Because determination of these matters would violate the scheduling order in this

8    case, as the court could not issue an order that could be complied with prior to the discovery

9    cutoff ordered by Judge Karlton, plaintiffs' motion must be denied in this regard.

10   E. <u>Remedy</u>

11       Plaintiffs argue that defendants' actions should cause a waiver of all privileges

12   and plaintiffs should be awarded costs and fees.  As discussed above, to the extent that

13   defendants' final privilege log, ordered to be produced by April 30, 2008, contains the errors

14   referenced by plaintiffs, plaintiffs may bring a sanctions/waiver motion before the district court

15   and seek to have it referred to the undersigned.  At present, plaintiffs will be awarded fees and

16   costs incurred in bringing this motion as defendants' log contained abusive claims of privilege

17   which were not substantially justified.  Plaintiffs shall file a statement of fees and costs, along

18   with supporting declaration(s), within 15 days of this order.  Defendants may file objections to

19   the amount of fees and costs only, within five days after being served with plaintiffs' statement.

20   <u>CONCLUSION</u>

21       Accordingly, IT IS HEREBY ORDERED that:

22       1. Plaintiffs' motion for sanctions, filed April 10, 2008, is granted.

23           a. Defendants shall produce all outstanding summary or accounting

24   documents relating to appointment of counsel, forthwith.

25           b. As previously ordered in its April 25, 2008 order, defendants shall

26   produce all documents which have not heretofore been produced in their native format or other

15

1  reasonably usable form, by April 30, 2008.  Defendants are directed to apply the definition of

2  "reasonably usable form" as explained in the Advisory Committee Notes to Rule 34, subdivision

3  (b).

4        c.  Plaintiffs shall submit a declaration supporting a request for fees and

5  costs incurred in bringing the April 10, 2008 motion for sanctions, within 15 days of this order.

6        d.  Defendants may file a response to the amount of claimed fees and costs

7  only, within 5 days of being served with plaintiffs' declaration.

8        2.  Plaintiffs' motion to compel production of documents and compliance with the

9  September 21, 2007 sanctions order, filed April 3, 2008, is granted in part and denied in part.

10        a.  As specified in this court's April 25, 2008 order, any documents not yet

11  produced in response to plaintiffs' third request for production of documents were to be produced

12  by April 30, 2008.

13        b.  Plaintiffs' request for sanctions is denied.

14        c.  Defendants shall pay all outstanding bills resulting from the September

15  21, 2007 sanctions order within 45 days of the April 24, 2008 hearing.

16        3.  Plaintiffs' motion to compel production of improperly withheld documents and

17  adequate privilege log, filed March 13, 2008, is granted in part and denied in part.

18        a.  As ordered by the court on April 25, 2008, defendants shall produce all

19  documents listed on their privilege log, objections for which were deliberative process, official

20  information, and/or privacy, to the extent that these claims of privilege were the sole basis for

21  documents being listed on the privilege log, by April 30, 2008.  All "privacy" withheld

22  documents are to be produced pursuant to the protective orders on file in this case.

23        b.  As also previously ordered, defendants were to produce a *final* omnibus

24  privilege log by April 30, 2008; documents which have been produced shall not be listed on this

25  log.

26  \\\\\

1       c.  Plaintiffs shall file a declaration supporting a request for fees and costs

2    incurred in bringing the March 13, 2008 motion, within 15 days of this order.

3       d.  Defendants may file a response to the amount of claimed fees and costs

4    only, within 5 days of being served with plaintiffs' declaration.

5    DATED: 05/14/08

6             /s/ Gregory G. Hollows

7             UNITED STATES MAGISTRATE JUDGE

8    GGH:076
     L.H.2042.san2.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26