1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| L.H., A.Z., D.K., D.R., M.N., and R.C., on behalf of themselves and all other similarly situated juvenile parolees in California,<br><br>       Plaintiffs,<br><br>   vs.<br><br>ARNOLD SCHWARZENEGGER, Governor, State of California,  JAMES E. TILTON, Secretary (A), California Department of Corrections and Rehabilitation ("CDCR"); KINGSTON "BUD" PRUNTY, Undersecretary, CDCR; BERNARD WARNER, Chief Deputy Secretary of the Division of Juvenile Justice; JOE MONTES, Director, Division of Juvenile Parole; DENNIS DULAY, Acting Deputy Director of the Division of Juvenile Parole Operations; JOHN MONDAY, Executive Director of the Board of Parole Hearings ("BPH"); JAMES DAVIS, Chair of the BPH; JOYCE ARREDONDO, PAUL CHABOT, JOSEPH COMPTON, SUSAN MELANSON, THOMAS MARTINEZ, ASKIA ABULMAJEED, and CHUCK SUPPLE, Commissioners and Board Representatives, CDCR; DIVISION OF JUVENILE JUSTICE; BOARD OF PAROLE HEARINGS; and the JUVENILE PAROLE BOARD,<br><br>      Defendants. | Case No. 2:06-CV-02042-LKK-GGH<br><br>**ORDER OF REFERENCE TO SPECIAL MASTER CHASE RIVELAND** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs' Motion to Enforce Court Orders and Appoint a Special Master came on regularly for hearing before this Court on April 21, 2008, at 10:00 a.m.  The Court, having considered the arguments and briefs of the parties, and the entire record in this and the related case of *Valdivia v. Schwarzenegger*, and good cause appearing, hereby finds that a Special Master is necessary due to the exceptional conditions of complexity and the lack of compliance with Court orders in this case, and to address pre-trial matters that cannot be effectively and timely addressed by this Court, pursuant to Rule 53(a) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Appoint a Special Master is GRANTED.

IT IS FURTHER ORDERED that the Special Master shall be Chase Riveland with Virginia Morrison to serve as Deputy Special Master.  The Court further **ORDERS**:

I.      **DUTIES OF THE SPECIAL MASTER**

The Special Master shall have the following duties:

A.      To receive periodic compliance reports from Defendants that set forth progress towards implementation of the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue, and compliance with their requirements.  The format and content of these compliance reports is within the discretion of Defendants, except that the Special Master may require Defendants to include additional information or change the format at his discretion.  A designated representative of Plaintiffs' counsel shall receive a copy of all such compliance reports at the same time as the Special Master.  The Special Master shall give the Defendants 60 days' notice to complete a compliance report.

B.      To prepare and file with the Court reports on the status of the Defendants' compliance with the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue.  These reports shall be issued by the Special Master every three to six months.  These reports shall contain the

1

Special Master's assessment of Defendants' progress towards implementation and compliance with the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue.  The Special Master shall attach a copy of any report or document used as evidence, referenced, or relied upon by the Special Master in issuing the compliance report, except for material already available or accessible to the parties, provided the report includes sufficient citation for the parties to access the report or document referred to.  Such status reports are separate and distinct from any findings of fact, conclusions of law, orders, or recommendations resulting from the dispute resolution processes described in Section III below.  No later than thirty (30) days prior to filing a status report with the Court, the Special Master shall serve a draft report on one designated representative of counsel for Plaintiffs, and one designated representative of counsel for Defendants, and shall afford counsel twenty (20) days to submit specific written objections.  Thereafter, the Special Master shall serve and file his periodic status report in accordance with Rule 53(f) of the Federal Rules of Civil Procedure.  The Special Master's reports shall be final unless, no later than twenty (20) days after service of the final report, a party files written objections with the Court.  If any party files objections, the opposing party shall have twenty (20) days to file a reply to the objections with the Court.  If objections are filed, the Court will consider the matter and issue an order adopting the report in full or as modified, or rejecting the report.

C.  To assist the parties and the Court in addressing disputes regarding implementation of the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue including, but not limited to: monitoring, development of policies and procedures, and compliance with the Court's Orders of September 19, 2007 and January 29, 2008 and

2

other orders that may issue.  This duty shall be exercised according to the procedural requirements set forth below.

D.   To assist the parties in drafting standards for what constitutes substantial compliance with the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue.

E.   To advise the Court concerning any modification to the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue that appears necessary to effectuate them.

F.   The duties set forth herein may be further specified, expanded or modified only by Order of this Court.

## II.   POWERS OF THE SPECIAL MASTER

The powers of the Special Master are to be used only as necessary to perform his duties as the Special Master in this case and shall be limited to the following:

A.   To enter, at any reasonable time with or without notice, any part of any facility, institution, prison, parole office, records office, headquarters office, jail, or other location necessary to monitor Defendants' compliance with the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue.

B.   To interview, on a confidential basis or otherwise, staff, employees, contractors or appointees of the California Department of Corrections and Rehabilitation ("CDCR") and/or the Division of Juvenile Justice ("DJJ"); staff, employees, contractors, and appointees of any facility or institution where juvenile parolee class members are held or reside or are offered programs or services, as well as staff, employees, appointees and contractors for the Institute of Administrative Justice at McGeorge School of Law, California Parole Advocacy Project, for purposes of performing the duties of the Special Master under this Order.  Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions

3

suitable to the Special Master.  In addition, the Special Master may engage in informal conferences with CDCR and DJJ staff, employees, contractors, and appointees, and such persons shall cooperate with the Special Master and respond to inquiries related to the performance of the Special Master's duties, including requests for the compilation or communication of oral, written or electronic information that is not protected by the attorney-client or other appropriate privilege.  Any documents or electronic information provided by Defendants to the Special Master shall also be copied to a designated representative of Plaintiffs' counsel, except where Defendants' documents are privileged as part of the deliberative process. Documents that Defendants believe fall under this privilege shall be provided as copies to the Special Master and the final version of the documents shall be provided to a designated representative of Plaintiffs' counsel.

C.      To interview, confidentially or otherwise, juvenile parolee class members, provided they consent.  Defendants shall cooperate with the Special Master to arrange such interviews at CDCR and DJJ institutions and non-CDCR/DJJ institutions where such class members may be incarcerated.  For class members who are not in custody, Defendants shall provide available contact information to the Special Master in order to facilitate such interviews.

D.      To attend formal meetings of any task force or implementation group of the CDCR and DJJ, or its appointees, designees and contractors, regarding implementation of the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue, at the Special Master's discretion.

E.      To have access to the records, files and papers that are maintained by Defendants to the extent that such access is related to the performance of the Special Master's duties, and are not privileged.  Such access shall include all

4

CDCR and DJJ records, and inmate/parolee records, including but not limited to, central files, medical records, education files, special education files, parole field files, logs, as well as databases, tracking systems such as RSTS (any version), Filemaker Pro (any version), DDPS (any version), WIN (any version) and OBITS (any version).

F.    To attend, at the Special Master's discretion, any monitoring tour conducted by counsel or employees of any party regarding implementation of the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue.

G.    To retain or employ assistants, administrative support staff, or any other person whose advice or assistance the Special Master deems necessary to the effective fulfillment of the Special Master's duties.  The Special Master shall inform the parties in writing at least 14 days before he petitions the Court to employ such persons.  The requirements of Rule 706 of the Federal Rules of Evidence shall apply if the Special Master retains persons who are to provide substantive or expert assistance, consultation, investigation, reporting or testimony.  The parties shall submit their opposition to the Court 14 days after receiving the Special Master's notice that he intends to retain such persons.  All such persons, as well as the nature of their compensation, shall be approved by the Court in advance of their retention or employment.

H.    To meet with counsel for the parties, and other representatives of the parties, in person or in a telephonic conference, to discuss Defendants' compliance with the Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue.

I.    To hold and conduct hearings with respect to disputes submitted under Section III, below.  To this end, the Special Master shall have the power to require the attendance of witnesses, including but not limited to Defendants,

5

employees or appointees of CDCR and DJJ, and persons confined by the CDCR and DJJ, and juvenile parolee class members, as provided in Rule 53(d) of the Federal Rules of Civil Procedure.

J.     The powers described herein may only be modified by order of this Court.

K.     In exercising the powers enumerated herein, the Special Master may act by himself, or through his Deputy Special Master, or through employees of, or assistants, to the Special Master who are approved by the Court.  All actions of such assistants shall be supervised and coordinated by the Special Master in order to accomplish the objectives of this reference.

L.     The Special Master shall not be empowered to direct Defendants or any of their subordinates to take or to refrain from taking any specific action to achieve compliance.  The sole power to direct compliance and punish non-compliance remains with the Court.

M.     The Special Master may communicate ex parte with the Court or with a party, subject to the limitations set forth in Sections III.D.3 and III.D.7, below.

## III.   DISPUTE RESOLUTION PROCEDURES

The powers and duties of the Special Master or Deputy Special Master regarding the informal dispute resolution process outlined below are supplemental only and are not intended to replace or supersede any party's recourse to the District Court for resolution of disputed issues.

A.     A party seeking the assistance of the Special Master to address a dispute arising in this litigation shall notify the opposing party or parties, and the Special Master, in writing delivered by email or fax to a designated attorney representative of the opposing party, which notice shall contain a statement setting forth the nature of the dispute and the remedy sought.  The parties shall, within twenty (20) days of receipt of this notice, meet and confer with the Special Master to address the procedures to be used for addressing the

dispute.  For each dispute, the parties shall select one, or if necessary more than one, of the following procedural options, each of which is described in more detail below:

1.      Informal meet and confer among the parties and the Special Master and/or experts.

2.      Investigation and report by the Special Master and/or his or her assistants.

3.      Formal mediation by the Special Master.

4.      Fact-finding hearing by the Special Master with Report and Recommendation to the Court, and de novo review by the District Court.  If the parties are unable to decide the proper procedural option to utilize for the dispute, the Special Master shall choose the appropriate procedural option.

B.      Informal meet and confer among the parties and the Special Master.  The parties may request the attendance of the Special Master or experts at the meet and confer sessions, whether live or telephonic.

C.      Investigation and report by the Special Master and/or his or her assistants. The parties may request that the Special Master investigate or direct a person hired under Section II.G. to investigate a disputed issue and prepare a report based on that investigation.  Any report issued as a result of an investigation must follow the requirements for periodic status reports at Section I.B, above, or fact-finding reports, at Section III.D.7-9, below.

D.      Formal mediation by the Special Master.  The parties may initiate a formal mediation by the Special Master.  The Special Master may require the parties to submit mediation briefs prior to the mediation session.  Either party may elect to submit a confidential mediation brief.  The Special Master may not rely on ex parte communications received during mediation as a basis for any finding of fact in a formal fact-finding hearing.  Unless all

7

parties stipulate to extend the time, mediations must be complete within thirty (30) days of their initiation.

1.  Fact-finding hearing by the Special Master with Report and Recommendation to the Court, and de novo review by the District Court.  If the parties request, and the Special Master agrees to hold the hearing, a dispute or set of disputes may be submitted to the Special Master for report and recommendation to the Court.  The following procedures shall apply to fact-finding hearings:

2.  Upon the conclusion of a meet and confer process or mediation, the parties, upon consent by the Special Master, may initiate a formal fact-finding and report process with the Special Master.

3.  Upon the agreement to submit a dispute or set of disputes to a fact-finding hearing, the Special Master, to the extent possible, will refrain from ex parte communication with any party, counsel, employees or other representatives or any party, including any employees of the CDCR and/or DJJ regarding the subject of the dispute.  In any event, the Special Master shall not base any findings of fact, conclusions of law, orders, or recommendations regarding the dispute on ex parte communications.  Instead, any findings, conclusions, orders or recommendations shall be supported by the record evidence in declarations and/or testimony received at evidentiary hearings.

4.  No later than twenty (20) days after the parties agree to submit a dispute to a fact-finding hearing, the parties, in consultation with the Special Master, shall jointly prepare a proposed schedule providing deadlines for discovery (including production of documents and depositions), briefing, evidentiary hearing, findings of fact, conclusions of law and recommendations to the Court.  The Special Master shall promptly resolve any disputes regarding procedure, and

8

issue a management order addressing the schedule for discovery, briefing, hearing, findings of fact, conclusions of law and recommendations to the Court.  A party may seek review of the dispute management order by noticed motion to the Court.

5. The parties shall be entitled to reasonable discovery relevant to the pending dispute before any hearing before the Special Master, including production of documents and depositions.  The Special Master shall have the authority to regulate discovery as provided in Rule 53(c) of the Federal Rules of Civil Procedure.

6. Any hearing before the Special Master shall take place in the presence of a certified court reporter.  The reporter's transcript and any documents or other materials accepted into evidence by the Special Master shall constitute the record of the hearing.

7. Upon completion of briefing and hearing, the Special Master shall have thirty (30) days to file with the Court and serve on an attorney designated by each party findings of fact, conclusions of law, and a recommendation to the Court for resolution of the dispute.  Any recommendation must be supported by findings of fact.  All findings of fact shall be supported by evidence submitted in the record of the hearing, or by declaration.  Findings of fact may not be supported by ex parte communications.

8. The parties shall have twenty (20) days after service to file and serve Objections to Court regarding the findings, conclusions and recommendation.  Each party shall have ten (10) days after service of the other parties' Objections to file and serve Replies.  The parties shall indicate in their Replies whether oral argument is requested.

9.    Any finding of fact, conclusion of law, recommendation or procedural order that is subject to objection shall be reviewed de novo by the Court.

10.    Direct briefing of the dispute to the District Court.  In cases of particular urgency that are central to the purpose of Court's Orders of September 19, 2007 and January 29, 2008 and other orders that may issue, a party may opt to bring disputes directly to the District Court or both parties may consent to bypass the use of the Special Master if the parties agree the issue should be briefed to the Court.

## IV.    COMPENSATION OF THE SPECIAL MASTER

A.    The Special Master and Deputy Special Master shall receive reasonable compensation at a rate to be set by the Court.  All reasonable expenses incurred by the Special Master and Deputy Special Master in performing his or her duties shall be reimbursed.  The Special Master's fees and expenses shall be borne by the Defendants as part of the costs of this action.

B.    The Special Master and Deputy Special Master periodically, and in no event less frequently than once every three months, shall submit to the Court and serve on the designated representatives of Defendants and Plaintiffs, an itemized statement of the Special Master's and Deputy Special Master's fees and expenses, which shall be payable by Defendants upon receipt.

**IT IS SO ORDERED.**
Dated: May 21, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

10