1   ROSEN, BIEN & GALVAN, LLP                    YOUTH LAW CENTER
    MICHAEL W. BIEN – 096891                      SUSAN L. BURRELL – 074204
2   GAY C. GRUNFELD – 121944                      CAROLE SHAUFFER – 100226
    MEGHAN R. LANG – 221156                       CORENE KENDRICK – 226642
    MARIA V. MORRIS – 223903                      200 Pine Street, 3rd Floor
3   SHIRLEY HUEY – 224114                         San Francisco, CA  94104
    SARAH M. LAUBACH – 240526                     Telephone:  (415)543-3379
4   315 Montgomery Street, Tenth Floor
    San Francisco, California  94104
5   Telephone:  (415) 433-6830

6   BINGHAM McCUTCHEN LLP                          PRISON LAW OFFICE
    GEOFFREY HOLTZ – 191370                        DONALD SPECTER – 83925
7   KRISTEN A. PALUMBO – 215857                    SARA NORMAN – 189536
    BRIANA LYNN ROSENBAUM – 239977                 1917 Fifth Street
    Three Embarcadero Center                       Berkeley, California 94710-1916
8   San Francisco, California 94111-4067           Telephone:  (510) 280-2621
    Telephone:  (415) 393-2000                     Facsimile:   (510) 280-2704

9   Attorneys for Plaintiffs

10  EDMUND G. BROWN JR.
    DAVID S. CHANEY
11  FRANCES T. GRUNDER
    WILLIAM C. KWONG, State Bar No. 168101
    455 Golden Gate Avenue, Suite 11000
12  San Francisco, CA  94102-7004
    Telephone:  (415) 703-5724
13  Fax:  (415) 703-5843
    Email:  William.Kwong@doj.ca.gov

14  Attorneys for Defendants

15              IN THE UNITED STATES DISTRICT COURT

16             FOR THE EASTERN DISTRICT OF CALIFORNIA

17  L.H., A.Z., D.K., D.R., M.N., and R.C., on behalf of    Case No. 2:06-CV-02042-LKK-
18  themselves and all other similarly situated juvenile    GGH
    parolees in California,
19                      Plaintiffs,                          **STIPULATED ORDER FOR
                                                             PERMANENT INJUNCTIVE
           vs.                                               RELIEF**
20  ARNOLD SCHWARZENEGGER, Governor, State of
21  California,  MATTHEW L. CATE, Secretary (A),
    California Department of Corrections and Rehabilitation
    ("CDCR"); DAVID RUNNELLS, Undersecretary, CDCR;
22  BERNARD WARNER, Chief Deputy Secretary of the
    Division of Juvenile Justice; CAROLINA GARCIA,
23  Director, Division of Juvenile Parole; DENNIS DULAY,
    Acting Deputy Director of the Division of Juvenile Parole
    Operations; MARTIN HOSHINO, Executive Director of
24  the Board of Parole Hearings ("BPH"); JAMES DAVIS,
    Chair of the BPH; JOYCE ARREDONDO, PAUL
25  CHABOT, JOSEPH COMPTON, SUSAN MELANSON,
    THOMAS MARTINEZ, ASKIA ABULMAJEED, and
26  CHUCK SUPPLE, Commissioners and Board
    Representatives, CDCR; DIVISION OF JUVENILE
    JUSTICE; BOARD OF PAROLE HEARINGS; and the
27  JUVENILE PAROLE BOARD,
                      Defendants.
28

PDF created with pdfFactory trial version www.pdffactory.com

The parties hereby stipulate that they shall ask the Court to ADJUDGE, DECLARE, AND DECREE as follows:

## INTRODUCTION

1.    This action was filed on September 13, 2006.  Plaintiffs, on behalf of themselves and the class they represent, challenge the constitutionality of the juvenile Parole Revocation process conducted by the California Board of Parole Hearings ("BPH"), the Division of Juvenile Justice ("DJJ"), the Juvenile Parole Board ("JPB"), and the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiffs' First Amended Complaint contains claims for violation of due process, equal protection, the Americans with Disabilities Act ("ADA")/Rehabilitation Act, and denial of the right to counsel.  Plaintiffs' claims regarding proceedings leading up to and including Parole Revocation Hearings are resolved through this Stipulated Order for Permanent Injunctive Relief ("Injunction").  The role of Plaintiffs in monitoring is not resolved through this Injunction and will be resolved separately.

2.    The Court certified this case as a class action by Order dated February 28, 2007.  The Defendants are state agencies and state officials responsible for the policies, procedures, and practices by which California conducts juvenile parole revocation hearings.  This Court issued an Order granting partial summary judgment on September 19, 2007, and a preliminary injunction on attorney appointment and ADA accommodations issued on January 29, 2008.

3.    The parties stipulate that this is not a "civil action with respect to prison conditions," as those terms are defined and applied in the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, and that, therefore, this case and this Injunction are not governed by the PLRA.

## I.    PARTIES

4.    The Plaintiff Class consists of the following persons:  Juvenile Parolees in or under the jurisdiction of California, including all Juvenile Parolees with Disabilities, as that term is defined in Section 504 of the Rehabilitation Act and the ADA, who are:  (i) in

1

[244626.1]
PDF created with pdfFactory trial version www.pdffactory.com

the community under parole supervision or who are at large; (ii)  in custody in California as alleged parole violators, and who are awaiting revocation of their parole; or (iii) in custody, having been found in violation of parole and returned to custody.  The fact that they have attained majority does not exclude them from the Class.  They remain Class members until they are discharged from the jurisdiction of the DJJ.

5.     The Defendants are state agencies and state officials responsible for the policies, procedures, and practices by which California conducts Juvenile Parole Revocation Hearings and other proceedings.  Defendant Arnold Schwarzenegger is Governor of the State of California and Chief Executive of the state government. Defendant Matthew L. Cate is the Secretary of the California Department of Corrections and Rehabilitation ("CDCR").  David Runnels is the Undersecretary of CDCR. Defendant Bernard Warner is the Chief Deputy Secretary of the Division of Juvenile Justice ("DJJ").  Defendant Carolina Garcia is the Acting Director, Division of Juvenile Parole.   Defendant Chuck Supple is the Executive Officer of the Juvenile Parole Board ("JPB").  Defendants Joyce Arredondo, Joseph Compton, Susan Melanson, Thomas Martinez, Askia Abdulmajeed and Chuck Supple are Commissioners and Board Representatives of Defendant JPB.  This Injunction is binding on all successor agencies to Defendants CDCR, DJJ, and JPB.  County governments and local law enforcement agencies are not parties to this action and are not bound by the terms of this stipulated injunction.

## II.   **DEFINITIONS**

6.     The following terms when used in this Injunction shall have the meanings specified below:

a.      "Day(s)" shall mean calendar days, unless otherwise specified.

b.     "Probable Cause Hearing" shall mean a hearing in which the Juvenile Parolee appears and at which it is determined whether there is probable cause to believe that the Juvenile Parolee has violated a condition of parole and, if so, whether the Juvenile Parolee should be

2

[244626.1]
PDF created with pdfFactory trial version www.pdffactory.com

1    detained during the Revocation Process.

2    c.    "Revocation Hearing" shall mean a hearing in which the Juvenile

3          Parolee appears and at which it is determined whether the

4          preponderance of the evidence shows that the Juvenile Parolee

5          violated a condition of parole.

6    d.    "Revocation Process" or "Revocation Proceedings" shall mean all

7          stages of the process by which a Juvenile Parolee may be returned to

8          or retained in custody following an alleged parole violation and a

9          Welfare and Institutions Code section 1767.3 hold has been placed up

10         to and including the Revocation Hearing or administrative appeals

11         thereof.  This term also includes Revocation Extension Hearings,

12         defined below at section (j).

13   e.    "Parole Hold" shall mean any invocation by Defendants of their

14         authority to involuntarily detain a Juvenile Parolee for Revocation

15         Proceedings and/or commence Revocation Proceedings pursuant to

16         Welfare and Institutions Code section 1767.3.  This term shall not

17         apply to the detention of a parolee who has absconded from the State

18         of California until he or she is physically returned to the State of

19         California and is in custody.

20   f.    "Temporary Detention" is the detention of a parolee for 30 Days or

21         less for treatment purposes, to redefine the conditions of parole and/

22         or to find placements for Juvenile Parolees.

23   g.    "Disability" and "Disabilities" shall be defined in the same manner as

24         to include all persons considered to have a Disability under the

25         Americans with Disabilities Act and/or Rehabilitation Act.

26   h.    "Corrective Action Plan" shall be defined as a program of treatment

27         or supervision in the community in lieu of incarceration in the DJJ.

28   i.    "Revocation Extension Hearing" shall mean a hearing in which the

3

[244625-1]
PDF created with pdfFactory trial version www.pdffactory.com

1   Juvenile Parolee appears before the Juvenile Parole Board, at which it
2   is determined whether the preponderance of the evidence shows that
3   the Juvenile Parolee committed willful program failure or serious in-
4   custody misconduct, and in which a Juvenile Parolee's parole
5   revocation period may be extended.  A parolee's parole revocation
6   period may not be extended because of Defendants' failure to provide
7   a recommended program at all or in a timely manner.

8   j.   "Not in Custody Hearing" (NIC) is a revocation hearing for a parolee
9   whose is no longer under a parole hold.

10

## III.   FINDINGS

12   7.   On September 19, 2007, this Court granted partial summary judgment in
favor of Plaintiffs, holding that California's Juvenile Parole Revocation system violates
the due process rights of the Plaintiff class under *Morrissey v. Brewer*, 408 U.S. 481
(1972), and related authority.

8.   On January 29, 2008 this Court held that Defendants' failure to appoint
counsel for all Juvenile Parolees under *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) is
violative of the due process rights of the Plaintiff class

9.   In the court order dated January 29, 2008, the Court also found that
Defendants' policies and practices violated the Americans with Disabilities Act (ADA),
and the Rehabilitation Act.

10.   The remedy provided in this Injunction is narrowly drawn, extends no
further than necessary to correct the violation of federal rights, and is the least intrusive
means necessary to correct the violation of the federal rights.  Nothing in this injunction is
an admission by Defendants of the establishment of a new constitutional standard for
parole revocation proceedings.

## IV.   POLICIES, PROCEDURES, REGULATIONS, AND PLANS

11.   Within 90 days of the parties signing this Stipulated Injunction, and no later

4

[944626.1]
PDF created with pdfFactory trial version www.pdffactory.com

than September 15, 2008, Defendants shall develop sufficiently specific draft Policies, Procedures, and Plans ("Policies and Procedures") that will ensure that Revocation Proceedings are in continuous compliance with all of the requirements of the Constitution and applicable statutes.  The Policies and Procedures will also address a method for accurately tracking the timeliness of hearings and other proceedings in the Parole Revocation Process, the timely provision of accommodations for Juvenile Parolees' disabilities and effective communication needs, NIC hearings, dual commitments, parole exit meetings, and promulgation of any Rules and Regulations needed to implement this Injunction.  The Policies and Procedures will further address disputed implementation issues such as telephonic Probable Cause Hearings,  what circumstances may constitute good cause for delayed hearings and remedies for untimely hearings.  As soon as reasonably possible, Defendants will post notice of the material terms of the settlement of the class action lawsuit on their web site, in institutional living units and libraries, in the Office of the Ombudsman, and shall make them available to the public upon request. Defendants will undertake a review of existing regulations, rules and procedures and ensure that they are consistent with this agreement and the policies and procedures that implement this agreement.

12.    For all Policies and Procedures developed under this Injunction, the parties shall use the following process:  Defendants shall submit all draft Policies and Procedures to Plaintiffs and to Special Master Chase Riveland prior to their implementation.  The parties shall meet and confer in good faith with the Special Master at least one time within fourteen business days of Defendants' submission to Plaintiffs.  If the parties reach an impasse on any particular issues, either party may bring the disputed issues to the Court in a motion to be heard on shortened time, or the parties may agree to use the dispute resolution process set forth in the Order of Reference.   Defendants shall submit the initial draft Policies and Procedures required by this Injunction to Plaintiffs' counsel no later than 90 days after the parties sign this Stipulated Injunction.   Defendants shall file their proposed Policies and Procedures with the Court no later than 150 days after the parties

5

PDF created with pdfFactory trial version www.pdffactory.com

1   sign this Stipulated Injunction.  The Court will resolve any remaining disputed issues by

2   noticed motion.

3        13.    Defendants shall incorporate the Juvenile Parole Board revocation hearing

4   business process requirements within the existing Revocation Scheduling and Tracking

5   System within six months of the signing of this Stipulation.

6   **V.    DUE PROCESS REQUIREMENTS**

7        14.    No later than 180 days of the signing of this Stipulation, and no later than

8   December 15, 2008, Defendants shall have fully implemented the reforms to their

9   Revocation Process by making the changes described in ¶¶ 15 to 46 below.

10       **A.    Right to Counsel**

11       15.    Commencing on or before February 15, 2008, Defendants shall appoint

12  counsel to represent each and every Juvenile Parolee in the Revocation Process as

13  described below.

14       16.    For Probable Cause Hearings and Parole Revocation Hearings, counsel shall

15  be appointed no later than 8 business Days after imposition of the Parole Hold.  At the

16  time of appointment, counsel shall be notified of the date, time, and location of the

17  hearing and the name of parolee, and shall receive a copy of all the evidence in the State's

18  possession on which the State intends to rely or which may be exculpatory, and relevant

19  educational, mental health and disability identification, and source documents to be

20  agreed upon through the development of Policies and Procedures.  Defendants shall take

21  all reasonable steps to enable counsel to meet with the Juvenile Parolee at least 24 hours

22  prior to the Probable Cause Hearing.

23       17.    Defendants shall not accept any written admissions to a violation of a

24  condition of parole, or waivers of hearing rights, or the right to counsel made prior to the

25  Juvenile Parolee's first meeting with his or her counsel.  Waivers are further detailed at

26  Paragraph 31.

27       18.    At the request of the Juvenile Parolee, he or she may decline to be

28  represented by appointed counsel in Revocation Proceedings and may instead be

6

[241626.1]
PDF created with pdfFactory trial version www.pdffactory.com

represented by counsel of his or her own choosing at his or her own cost, including his or her public defender or other appointed counsel, retained counsel, or pro bono counsel. Such counsel shall have the same rights under this Injunction, except as to compensation, as counsel appointed by Defendants.  Defendants shall develop a process for timely notifying a Juvenile Parolee's counsel of record or public defender of the imposition of a Parole Hold.

19.    At the time of appointment, counsel shall be provided with all of the evidence in the State's possession that the State intends to rely upon or that may be exculpatory as defined in paragraph 16.  After appointment of counsel, if Defendants receive or learn of such additional evidence or documents, they shall produce them to the Juvenile Parolee's counsel as soon as possible thereafter.  Evidence or documents not provided to the Juvenile Parolee's counsel at least 48 hours prior to the hearing shall not be admitted or considered in the hearing unless Defendants can show good cause for the delay.

20.    A Juvenile Parolee's counsel shall not be denied reasonable access to all of their clients' files.  Defendants shall develop Policies and Procedures that detail how counsel shall timely access and obtain copies of relevant information in a Juvenile Parolee's files.

21.    Defendants shall develop standards, guidelines, and training for effective assistance of state-appointed counsel in the Revocation Process that shall include standards for panel administration, training and continuing education, quality assurance, independence, statewide oversight and individual representation.

22.    Defendants' Policies and Procedures shall ensure that at the time of appointment, counsel appointed to represent Juvenile Parolees who have difficulty in communicating or participating in Revocation Proceedings because of Disabilities or effective communication needs shall be informed of the nature of the difficulty, including but not limited to mental illness, other cognitive or communication impairments, illiteracy, limited English-language proficiency, and the need for a foreign language

7

[941626.1]
PDF created with pdfFactory trial version www.pdffactory.com

1   interpreter.

2       23.   Counsel shall be given reasonably adequate time to represent the Juvenile

3   Parolee properly at each stage of the proceeding, including administrative appeals.

4   Defendants shall not unreasonably limit the amount of time an attorney spends with his or

5   her client, nor shall they unreasonably delay or prevent an attorney's access to the client

6   consistent with institutional safety and security.  Defendants shall provide reasonable

7   space for attorneys to meet with clients in confidence and, in the event that there is a

8   physical barrier between attorneys and their clients, provide a mechanism for attorneys to

9   confidentially share documents with their clients consistent with institutional safety and

10  security.  Defendants shall make available necessary reasonable accommodations,

11  including, but not limited to, sign language interpreters, language interpreters, magnifying

12  glasses, and hearing devices for attorney interviews with their clients, and unmonitored

13  confidential telephone calls between attorneys and their clients.  Anytime a DJJ staff

14  person, for the purposes of institutional safety and security, is observing a parolee on the

15  telephone with his or her attorney, or observing an attorney-parolee meeting, the DJJ staff

16  person must not be any individual who will play a role in the current Revocation

17  Proceedings or in preparing recommendations for the parole board in the current

18  Revocation Proceedings.  Such DJJ staff person is strictly forbidden from sharing any

19  information he or she may have inadvertently heard or seen from the attorney-client

20  meeting except for new crimes or new parole violations that occur during the course of the

21  observation.  The presence of DJJ staff near an in-person or telephonic attorney-client

22  meeting does not waive attorney-client privilege.

23      24.   State-appointed counsel for Juvenile Parolees shall be appropriately

24  compensated for preparation for the hearings, and representation during the hearings, and

25  for filing and pursuing administrative appeals of the hearing decision, as described in ¶ 43.

26      **B.    Nature and Timing of Proceedings**

27      25.   Parole violations that consist of Level I or Level II behaviors may be

28  resolved by the Parole Agent and Supervising Parole Agent at the field unit level without

STIPULATED ORDER FOR PERMANENT INJUNCTIVE RELIEF - CASE NO. 2:06-CV-02042-LKK-GGH

[244626.1]
PDF created with pdfFactory trial version www.pdffactory.com

1   requiring final approval by the Juvenile Parole Board.  Nothing in this injunction shall

2   preclude the referral of Level I or Level II behaviors for parole revocation.

3        26.    Defendants shall provide an expedited Probable Cause Hearing within 10

4   business Days of the Parole Hold upon a sufficient offer of proof by a Juvenile Parolee's

5   counsel that there is a complete defense to all parole violation charges that are the basis of

6   the Parole Hold.  Counsel shall be provided with telephone and email or fax access to a

7   decision maker who can receive requests for expedited Probable Cause Hearings.  Such

8   requests may be made by counsel at any time.  Defendants shall respond to such requests

9   no later than 1 business Day after they are made.  If such requests are denied, the basis for

10  denial shall be stated in writing.

11       27.    No later than two business Days after the Parole Hold is placed, the Parole

12  Agent and Supervising Parole Agent will confer to:  1) determine whether probable cause

13  exists to continue the Parole Hold and the detention of the Juvenile Parolee pending a

14  formal Probable Cause Hearing, and will document their determination in writing on a

15  form to be developed in accordance with ¶ 55 below, and 2) consider whether alternatives

16  to incarceration are warranted.  The advisability of alternatives to incarceration shall be

17  considered again at the Probable Cause Hearing and at the Revocation Hearing.  Nothing

18  in this Injunction obligates Defendants to offer alternatives to incarceration to any

19  particular Juvenile Parolee at any time.  Any determination of probable cause at this stage

20  shall not be considered in any manner at the Probable Cause Hearing.  Defendants shall

21  comply with all anti-discrimination laws in making parole placements or referral to

22  programs, activities, or services.

23       28.    If the Juvenile Parolee remains in custody, no later than 3 business Days

24  after the placement of the Parole Hold, the Parolee shall be served with actual notice of

25  the alleged parole violation, including a short factual summary of the charged conduct and

26  written notice of the Juvenile Parolee's rights regarding the Revocation Process and

27  timeframes.

28       29.    If the Juvenile Parolee remains in custody, no later than 9 business Days

STIPULATED ORDER FOR PERMANENT INJUNCTIVE RELIEF - CASE NO. 2:06-CV-02042-LKK-GGH

PDF created with pdfFactory trial version www.pdffactory.com

1  after the placement of a Parole Hold, a Return to Custody Assessment (RTCA)/CAP shall

2  be made by a hearing officer.

3      30.      If the Juvenile Parolee remains in custody, no later than 10 business Days

4  after the placement of a Parole Hold, the RTCA/CAP offer shall be communicated to the

5  Juvenile Parolee's appointed attorney.

6      31.      A Juvenile Parolee who wishes to waive the right to, or seek a continuance

7  of, a timely Probable Cause Hearing and/or a Parole Revocation Hearing may elect to do

8  so.  Waiver may be effectuated only upon written consent of the Juvenile Parolee after he

9  or she has had an opportunity to meet with his or her attorney, and such writing is made in

10  the presence of his or her attorney.

11      32.      For all Juvenile Parolees who do not waive or seek a continuance of a timely

12  Probable Cause Hearing, Defendants shall provide a live hearing[1] to determine probable

13  cause no later than 13 business Days after the Parole Hold is placed.  The Juvenile

14  Parolee, represented by counsel, shall be present and permitted to speak at this hearing

15  and to present documentary evidence.  Nothing in this injunction either allows the

16  Juvenile Parolee or requires Defendants to have any witness or witnesses at the Probable

17  Cause Hearings.  Defendants shall develop a mechanism for accurately tracking the

18  timeliness of the Probable Cause Hearings and reasons proffered for any delays.[2]

19      33.      For all Juvenile Parolees who do not waive or seek a continuance of a timely

20  Parole Revocation Hearing, Defendants shall provide a live, in-person, face-to-face final

21  Revocation Hearing on or before the 35th calendar Day after the Parole Hold is placed

22  absent good cause.[3]  The Juvenile Parolee, represented by counsel, shall have the right to

23

[1] The Plaintiff Class contends that such hearings should be live, in person, and face-to-
24  face, and expressly reserves its rights to litigate the issue of a telephonic or
   videoconferencing substitution for Probable Cause Hearings. Defendants contend that
25  telephonic or videoconferencing used at Probable Cause Hearings complies with
   minimum due process requirements.

26  [2] Defendants shall develop Policies and Procedures defining when prejudice is presumed
27  after a certain length of delay in providing a Probable Cause Hearing or a Parole
   Revocation Hearing.

28  [3] Defendants shall develop Policies and Procedures defining good cause and remedies for
   time frame violations, in accordance with ¶ 12.

10

[244626.1]
PDF created with pdfFactory trial version www.pdffactory.com

present evidence, including through the testimony of live witnesses.  The charged Juvenile

Parolee shall have the same right to subpoena witnesses and present evidence to the same

extent and on the same terms as Defendants, including the right to question witnesses

through their attorney.  Defendants shall develop a mechanism for accurately tracking the

timeliness of the Revocation Hearings and reasons proffered for any delays.

34.     All charges arising from the conduct for which the Juvenile Parolee was

taken into custody shall be adjudicated at the final Revocation Hearing within 35 calendar

Days from the placement of the Parole Hold absent good cause.  Charges may not be split

going beyond 35 days in the absence of good cause, including any attempts to evade the

35 calendar Day timeline; all known charges arising from conduct known to Defendants

must be brought at a reasonable time prior to the hearing.

35.     A Juvenile Parolee may be returned to custody for up to one year for a

parole violation.  Defendants will develop a matrix of ranges of revocation terms for

specific violations.  A Juvenile Parolee's revocation period shall not be extended beyond

the one-year period except in circumstances of willful program failure or serious in-

custody misconduct.  A parolee's parole revocation period may not be extended because

of Defendants' failure to provide a recommended program at all or in a timely manner.

Defendants may extend a Juvenile Parolee's revocation period only after a Revocation

Extension Hearing which shall take place before a Juvenile Parole Board Hearing Officer

at the earliest practical time after the alleged conduct that is grounds for the charge. In the

event that the alleged conduct that is grounds for the charge occurs within 30 days prior to

the Juvenile Parolee's revocation release date, the Revocation Extension Hearing must

occur at the earliest practical time after the alleged conduct, but, in any event, no later

than 35 days after his or her revocation release date, absent good cause for going beyond

that time.  A Juvenile Parolee who faces a Revocation Extension Hearing shall be

represented by counsel at the hearing and have all of the same rights articulated in ¶¶ 41,

42, and 43 .  Defendants agree to modify or rescind all regulations or policies and

procedures that are inconsistent with the terms of this provision, including Treatment and

11

1   Training Time-Adds, DDMS, and parole consideration hearings as they relate to the

2   Parole Revocation and Revocation Extension process.

3        36.     All Parole Revocation Hearings shall be held within a 50-mile radius of the

4   alleged violation.  The location of hearings shall be accessible to and usable by Juvenile

5   Parolees with Disabilities.

6        37.     The use of hearsay evidence in Parole Revocation Hearings and Revocation

7   Extension Hearings shall be limited by the Juvenile Parolee's confrontation rights in the

8   manner set forth in controlling legal authority.  The Policies and Procedures developed

9   pursuant to this Injunction shall include guidelines and standards that comport with

10   controlling legal authority.

11        38.     In the event that the hearing officer/decision-maker decides to revoke

12   parole, but imposes an amount of revocation time that is less than the amount of time the

13   Juvenile Parolee has been detained, the Parolee shall be released as soon as practically

14   possible, but no later than 3 business Days after the hearing.  If the hearing officer/

15   decision-maker decides to continue the Parolee on parole, the Juvenile Parolee shall be

16   released as soon as practically possible, but no later than 3 business Days after the

17   hearing.

18        39.     Defendants shall no longer impose Temporary Detentions and shall

19   immediately rescind Title 15, California Code of Regulations § 4985.

20        40.     At a Probable Cause Hearing, a written statement shall be made by the fact

21   finders as to the evidence relied upon to find that probable cause exists for any and/or all

22   of the charges against parolee.  At every Parole Revocation Hearing and Revocation

23   Extension Hearing, the Juvenile Parolee shall receive a written decision at the conclusion

24   of the hearing.

25        41.     At every Parole Revocation Proceeding, the Juvenile Parolee shall be

26   informed of the right to receive an audible copy of the audio recording of the hearing.

27   Defendants shall take necessary steps to ensure that such proceedings are appropriately

28   recorded, and shall maintain and replace recording equipment as necessary.  Probable

12

STIPULATED ORDER FOR PERMANENT INJUNCTIVE RELIEF - CASE NO. 2:06-CV-02042-LKK-GGH

1   Cause Hearings may not be recorded.

2       42.     Within 10 business Days of the receipt of a written request, which can be

3   made at the hearing, the Juvenile Parolee shall be provided an audible copy of the

4   recording of the Parole Revocation Hearing. If the Juvenile Parolee is appealing the result

5   of the Parole Revocation Hearing and the audio recording is inaudible, he shall be entitled

6   to a new hearing.  This hearing shall take place as soon as practically possible.

7       43.     Defendants shall promulgate Policies, Procedures, and Regulations that

8   clarify the appeals process applicable to Revocation Proceedings covered by this

9   Injunction, including the applicability of or modifications to procedures currently set forth

10  in Title 15, California Code of Regulations, sections 4935 through 4940. The appeals

11  process Defendants promulgate must include, at a minimum, the following elements:

12  1) The Juvenile Parolee must be informed at the hearing of his/her right to appeal the

13  parole revocation decision; 2) there will be only one level of appeal; 3) the Juvenile

14  Parolee must file his/her appeal with the Executive Officer of the Juvenile Parole Board

15  within 20 business Days of receipt of the written hearing decision; 4) the appeal will be

16  decided by the Executive Officer of the Juvenile Parole Board or his or her designee

17  within 10 business Days of receipt of the appeal, and served on the Juvenile Parolee

18  within five business Days of the appeal decision; 5) the Executive Officer or his designee

19  has discretion to immediately reverse a decision and grant appropriate relief, including

20  release, discharge, or continuation on parole; 6) if the Executive Officer or his designee

21  decides to grant a new hearing, that hearing must be held within 10 business Days of the

22  issuance of the appeal decision; 7)  Juvenile Parolees have the right to assistance by

23  counsel in preparing an administrative appeal and at any new hearing granted pursuant to

24  an appeal; and 8) Juvenile Parolees with effective communication needs and/ or

25  Disabilities have the right to reasonable accommodations throughout every step of the

26  administrative appeals process.

27      44.     The parties incorporate by reference the Parole Revocation Flowchart,

28  attached to this Injunction as Exhibit A.  The flowchart does not create any rights beyond

13

STIPULATED ORDER FOR PERMANENT INJUNCTIVE RELIEF - CASE NO. 2:06-CV-02042-LKK-GGH

[944626.1]
PDF created with pdfFactory trial version www.pdffactory.com

1    those expressly set forth in ¶¶ 1 to 57.

2          45.    Defendants shall promulgate Policies and Procedures that address the

3    circumstances under which a parole agent determines that a Juvenile Parolee has

4    committed an act that constitutes a violation of parole, but has also determined that the

5    Parolee does not need to be placed in custody.  For these "not in custody" cases,

6    Defendants' Policies and Procedures shall ensure that Juvenile Parolees nonetheless

7    receive due process and ADA protections during the Revocation Process, consistent with

8    this Injunction, including but not limited to the appointment of counsel and a timely

9    revocation hearing, to be held no later than 60 Days after service of the Notice of

10   Violation or similar document commencing the Revocation Process.  Defendants shall

11   also develop policies and procedures to address dual commitments, where a parolee is

12   held on a parole hold and on other charges, such as a criminal or juvenile proceeding

13   concerning new charges, or on adult parole violation charges.

14         46.    Defendants shall not use any blanket policy of requiring mechanical

15   restraints for all juvenile parolees in parole revocation hearings.  Defendants shall develop

16   policies, procedures and training concerning the use of mechanical restraints which are

17   consistent with the Americans with Disabilities Act and the Rehabilitation Act, the due

18   process clause and Title 15 California Code of Regulations section 4034.4.

19   **VI.**    **EFFECTIVE COMMUNICATION AND ADA REQUIREMENTS**

20         47.    Within 90 days of the signing of this Stipulated Injunction, Defendants shall

21   have fully implemented the steps outlined in ¶¶ 48 to 57 below to comply with due

22   process, Title II of the ADA, and the Rehabilitation Act.

23        **A.**     **Identification and Accommodation**

24         48.    Defendants shall provide timely and reasonable accommodations for

25   effective communication to Juvenile Parolees at all Revocation Proceedings.  Defendants

26   shall ensure that Juvenile Parolees with limited English skills, effective communication

27   needs, and/or Disabilities are provided with accommodations needed to communicate

28   effectively, including but not limited to language interpreters, sign language interpreters,

14

PDF created with pdfFactory trial version www.pdffactory.com

1  assistive listening devices, simplified forms, large print forms, forms translated to

2  Spanish, Braille, and Galileo readers.

3       49.    Defendants shall make accommodations for Juvenile Parolees with

4  Disabilities and effective communication needs in order to assist them in preparing for

5  Revocation Proceedings.  Such accommodation shall include up to three additional hours

6  of representation by appointed counsel.

7       50.    The Juvenile Parolee's request for a particular type of accommodation shall

8  be given primary consideration and shall be granted unless the request is unreasonable for

9  specific articulated reasons allowable under Title II of the ADA.

10       51.    Defendants shall implement appropriate Policies and Procedures to ensure

11  that no Revocation Proceedings are delayed or postponed in order to provide

12  accommodations and access to Juvenile Parolees with Disabilities or effective

13  communication needs.

14       52.    Prior to serving any notices upon a Juvenile Parolee and prior to all

15  Revocation Proceedings, Defendants shall take reasonable steps to identify and track

16  Juvenile Parolees with Disabilities or effective communication needs.  Policies and

17  Procedures will be developed to ensure identification and tracking of Juvenile Parolees

18  with Disabilities or effective communication needs.  Identification and tracking shall

19  include, but not be limited to:

20       a.    Checking relevant computer systems and information to determine

21  whether the Defendants have previously identified the Juvenile

22  Parolee as having a Disability or effective communication need(s),

23  and promptly taking the appropriate steps to provide effective

24  communication and accommodations without delay.

25       b.    Reviewing relevant and reasonably available information in the

26  Juvenile Parolee's field file.

27  **B.**    **Equipment**

28       53.    Defendants shall ensure that appropriate equipment is available to Juvenile

[941626.1]
PDF created with pdfFactory trial version www.pdffactory.com

1   Parolees who need such equipment to communicate effectively at Parole Proceedings.

2   Such equipment shall include, but not be limited to, assistive listening devices and

3   magnification devices.

4        **C.**     **Grievances**

5       54.    Defendants shall develop and implement a prompt and effective grievance

6   procedure for processing any complaints of denials of requests for accommodations

7   separate from the appeal procedure described above in ¶ 43. All grievances requesting

8   reasonable accommodations at a scheduled hearing shall be decided as soon as possible

9   before the hearing, and the hearing shall not be delayed as a result unless Defendants can

10  show there is good cause. All other ADA-related or effective communication grievances

11  shall be decided within 15 Days of Defendants' receipt of the grievance form.

12  **VII.**   **FORMS**

13      55.    Defendants will ensure that all BPH, DJJ, JPB and CDCR forms provided to

14  Juvenile Parolees shall be reviewed for accuracy and simplified to a sixth grade reading

15  level. All forms will also be translated into Spanish. All forms provided to Juvenile

16  Parolees shall be readily available in alternative formats, including, but not limited to,

17  large print, Braille and audio tape. Whenever Juvenile Parolees with effective

18  communication needs or disabilities are given forms that they cannot understand, they

19  shall be provided a reasonable accommodation to enable them to understand the forms to

20  the best of their abilities.

21  **VIII.**   **TRAINING AND STAFFING**

22      56.    All JPB Commissioners, JPB Deputy Commissioners, JPB hearing officers,

23  Board Coordinating Parole Agents, JPB Wards with Disabilities Program ("WDP")

24  coordinators, DJJ Parole Agents, DJJ correctional counselors, and other JPB and DJJ

25  personnel who have direct or supervisory responsibility for communicating with or

26  making decisions affecting Juvenile Parolees in connection with Revocation Proceedings

27  shall receive comprehensive annual training on the general requirements of Title II of the

28  ADA and effective communication needs, this Injunction's requirements, the due process

rights of Juvenile Parolees, and the Policies and Procedures developed pursuant to this Injunction.  Such trainings shall be tailored to the job classification(s) and responsibilities of the staff present at the training sessions.  All training required by this Injunction shall occur within 180 days of the parties signing this agreement, and shall be repeated at a minimum annually.

57.    Defendants shall develop an appropriate compliance and self-monitoring team to ensure compliance with the terms of this Injunction, and compliance with the Policies and Procedures developed pursuant to this Injunction.

## IX.    ENFORCEMENT

58.    The Court shall retain jurisdiction to enforce the terms of this Injunction. The Court shall have the power to enforce the terms of this Injunction through specific performance and all other remedies permitted by law or equity.

59.    If Plaintiffs' counsel  have reason to believe that Defendants are not complying with any part of this Injunction, or Policies and Procedures issued pursuant to it, they shall notify Defendants in writing of the facts supporting their belief.  The parties shall attempt to resolve the issues informally.  If the issue is not resolved informally, Plaintiffs' counsel may move the Court for any relief permitted by law or equity.

## X.    ATTORNEY'S FEES AND COSTS

60.    Plaintiffs are the prevailing party on all issues covered by this Injunction. Plaintiffs' counsel may move for an award of reasonable attorney's fees, litigation expenses, and costs for obtaining relief for the Plaintiff class pursuant to 42 U.S.C. § 1988, the ADA, the Rehabilitation Act, or any other applicable law.

61.    Plaintiffs' counsel are also entitled to seek reasonable attorneys' fees, litigation expenses, and costs for post-judgment work performed in conjunction with this Injunction.

[244625.1]
PDF created with pdfFactory trial version www.pdffactory.com

1  IT IS SO STIPULATED.

2  Dated:  June 3, 2008                          ROSEN, BIEN & GALVAN, LLP

3
                                                 By: /s/
4                                                     MICHAEL W. BIEN

5

6                                                BINGHAM McCUTCHEN LLP

7
                                                 By: /s/
8                                                     GEOFFREY HOLTZ

9

10                                               YOUTH LAW CENTER

11
                                                 By: /s/
12                                                    SUSAN L. BURRELL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          18

[244626.1]
PDF created with pdfFactory trial version www.pdffactory.com

1

2  Dated:  June 4, 2008                    EDMUND G. BROWN JR, Attorney General
                                          of the State of California,
3                                         DAVID S. CHANEY, Chief Assistant
                                          Attorney General,
4                                         FRANCES T. GRUNDER, Senior Assistant
                                          Attorney General,
5                                         ROCHELLE C. EAST, Supervising Deputy
                                          Attorney General

6
                                          By: /s/_____
7                                             WILLIAM KWONG
                                              Deputy Attorney General
8                                             Attorneys for Defendants

9

10  Dated:  June 3, 2008                   By: /s/_____
                                              MATTHEW L. CATE, Secretary,
11                                            California Department of Corrections

12

13  Dated:  June 3, 2008                   By: /s/_____
                                              BERNARD WARNER
14                                            Chief Deputy Secretary,
                                              California Department of Corrections
15

16
    Dated:  June 3, 2008                   By:  /s/_____
17                                             CHUCK SUPPLE, Executive Officer,
                                               Juvenile Parole Board
18

19
    Dated:  June 4, 2008                   By:_____
20                                            /s/_____
                                              CAROLINA GARCIA, Director of
21                                            Juvenile Parole

22

23  Dated:  June 4, 2008                   By:_____
                                              /s/_____
24                                            JOYCE ARREDONDO, Board
                                              Representative of the Juvenile Parole
25                                            Board

26

27

28

                                          19
PDF created with pdfFactory trial version www.pdffactory.com

1

## ORDER

2      The Court, having reviewed the above Stipulation of the parties, and good cause

3 appearing, hereby orders that Defendants, their agents, employees, and successors in

4 office shall comply with all the terms stated above.

5      **IT IS SO ORDERED.**

6

7 Dated: October 7, 2008

8                                       LAWRENCE K. KARLTON
                                     SENIOR JUDGE

9                                      UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

[944626.1]

PDF created with pdfFactory trial version www.pdffactory.com