BINGHAM McCUTCHEN LLP
GEOFFREY HOLTZ – 191370
KRISTEN A. PALUMBO – 215857
BRIANA LYNN ROSENBAUM – 239977
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone:  (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
MEGHAN R. LANG – 221156
MARIA V. MORRIS – 223903
SHIRLEY HUEY – 224114
315 Montgomery Street, Tenth Floor
San Francisco, California  94104
Telephone:  (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER – 83925
SARA NORMAN – 189536
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:  (510) 280-2621
Facsimile:   (510) 280-2704

YOUTH LAW CENTER
SUSAN L. BURRELL – 074204
CAROLE SHAUFFER – 100226
CORENE KENDRICK – 226642
200 Pine Street, 3rd Floor
San Francisco, CA  94104
Telephone:  (415)543-3379

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.H., A.Z., D.K., D.R., M.N., and R.C., on behalf of themselves and all other similarly situated juvenile parolees in California,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, Governor, State of California,  JAMES E. TILTON, Secretary (A), California Department of Corrections and Rehabilitation ("CDCR"); KINGSTON "BUD" PRUNTY, Undersecretary, CDCR; BERNARD WARNER, Chief Deputy Secretary of the Division of Juvenile Justice; JOE MONTES, Director, Division of Juvenile Parole; DENNIS DULAY, Acting Deputy Director of the Division of Juvenile Parole Operations; JOHN MONDAY, Executive Director of the Board of Parole Hearings ("BPH"); JAMES DAVIS, Chair of the BPH; JOYCE ARREDONDO, PAUL CHABOT, JOSEPH COMPTON, SUSAN MELANSON, THOMAS MARTINEZ, ASKIA ABULMAJEED, and CHUCK SUPPLE, Commissioners and Board Representatives, CDCR; DIVISION OF JUVENILE JUSTICE; BOARD OF PAROLE HEARINGS; and the JUVENILE PAROLE BOARD,<br><br>        Defendants. | Case No. 2:06-CV-02042-LKK-GGH<br><br>**ORDER ESTABLISHING PERIODIC PROCESS FOR COLLECTION OF ATTORNEYS' FEES AND COSTS**<br><br>Date:       February 9, 2009<br>Time:      10:00 a.m.<br>Courtroom: 4<br>Judge:     Hon. Lawrence K. Karlton |

Section X of the Stipulated Order for Permanent Injunctive Relief entered by this Court on October 7, 2008 provides that: "Plaintiffs' counsel are entitled to seek reasonable attorneys' fees, litigation expenses, and costs for post-judgment work performed in conjunction with this Injunction." The Court, having considered Plaintiffs' unopposed Motion to Establish a Periodic Fees Process, and based on the argument of counsel, the entire record in this case, and good cause appearing, hereby orders as follows:

1. A periodic fees process is appropriate and necessary under the Stipulated Order for Permanent Injunctive Relief, the controlling statutes, the Americans with Disabilities Act, 42 U.S.C. § 12205, the Rehabilitation Act, 29 U.S.C. § 794a, 42 U.S.C. § 1988, and case law and practice in numerous comparable cases.

2. Plaintiffs' counsel will submit quarterly statements to Defendants' counsel for attorneys' fees, litigation expenses, and costs incurred. The statements will itemize the time spent, subject activity, applicable attorney and other personnel billing rates, and costs and expenses. The first quarterly statement of each year will identify the billing rates Plaintiffs' counsel seek for that year. The billing statements submitted by Plaintiffs' counsel shall not include declarations or other supporting pleadings. Such declarations or other supporting pleadings shall be prepared only for and at the time of filing any motion to compel.

3. The first quarterly statement served pursuant to this Order will include all Plaintiffs' attorneys' fees, expenses, and costs incurred from June 5, 2008 to December 31, 2008. Because of the size and complexity of the first statement, Plaintiffs will have until March 2, 2009 to serve the first quarterly statement on Defendants. Thereafter, Plaintiffs will serve quarterly statements on Defendants on or before 30 days after the end of each calendar quarter.

4. Upon receipt of Plaintiffs' statement each quarter, Defendants will have thirty days in which to respond with their objections and the bases therefore. As to any disputed items, including the proposed billing rates in the first quarterly statement, Plaintiffs' and Defendants' counsel are required to meet and confer within thirty (30) days after Defendants have notified Plaintiffs of any disputed item(s). If the parties are able promptly to resolve any part or all of the fee disputes, counsel shall immediately prepare a stipulated order for payment of the fees not

PDF created with pdfFactory trial version www.pdffactory.com

subject to Defendants' objections.  Both sides shall sign the order and present it to the Court for entry.  Defendants shall have forty-five days from the entry of the order to pay the undisputed fees.  Interest on these fees and costs will run from the date of the thirty-first day following Defendants' receipt of Plaintiffs' statement, accruing at the rate provided by 28 U.S.C. §1961.

5. If Defendants refuse to sign any stipulated payment order, or unreasonably delay the process described in paragraph 2 above, Plaintiffs' counsel may submit directly to the Court an unstipulated form of order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances.  Defendants' counsel may respond within five court days of receipt of the proposed order and certification.  Plaintiffs' counsel may reply within two court days after receipt of Defendants' response, if any.  The Court will rule on Plaintiffs' application without conducting a hearing unless it considers such a hearing necessary, and will issue Plaintiffs' proposed order or another appropriate order unless Defendants show a reasonable basis for disputing the fees and expenses Plaintiffs have claimed to be undisputed.  If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process, by noticed motion made pursuant to the Federal Rules of Civil Procedure and the Rules of this Court.

6. Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year.  If Defendants oppose any billing rates, Plaintiffs' counsel will bring a motion to compel on this issue within sixty (60) days following conclusion of the meet and confer process for the first quarterly statement of each year.

7. In the event that an unusually large number of hours or a significant issue is in dispute, Plaintiffs may bring a quarterly motion to compel on those issues alone.  Any such quarterly motion to compel will be filed no later than thirty (30) days after the parties have met and conferred on the quarterly statement at issue.  Such motions will be briefed and heard on the usual schedule provided by the local rules.

PDF created with pdfFactory trial version www.pdffactory.com

8. Interest on any disputed amounts will accrue at the rate provided by 28 U.S.C. §1961 from the thirty-first day following Defendants' receipt of the billing statement in which the items in question appear.

9. Defendants shall pay the full amounts ordered paid, with any legal interest owing, no later than forty-five (45) days after the date each payment order is entered by the Court.  If payment is not voluntarily made by the 45th day, counsel for Plaintiffs may obtain said amount by writ of execution upon state funds and/or other appropriate amounts by certification under penalty of perjury that voluntary payment has not been made.

IT IS SO ORDERED.

Dated:  February 11, 2009

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3

ORDER ESTABLISHING PERIODIC PROCESS FOR COLLECTION OF ATTORNEYS' FEES AND COSTS - CASE NO. 2:06-CV-02042-LKK-GGH

PDF created with pdfFactory trial version www.pdffactory.com