BINGHAM McCUTCHEN LLP
GEOFFREY HOLTZ – 191370
KRISTEN A. PALUMBO – 215857
BRIANA LYNN ROSENBAUM – 239977
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
MEGHAN R. LANG – 221156
ANNE MANIA – 218766
SHIRLEY HUEY – 224114
ELIZABETH H. ENG – 239265
315 Montgomery Street, Tenth Floor
San Francisco, California 94104
Telephone: (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER – 83925
SARA NORMAN – 189536
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile:   (510) 280-2704

YOUTH LAW CENTER
SUSAN L. BURRELL – 074204
CAROLE SHAUFFER – 100226
CORENE KENDRICK – 226642
200 Pine Street, 3rd Floor
San Francisco, California 94104
Telephone: (415)543-3379

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.H., A.Z., D.K., D.R., M.N., and R.C., on behalf of themselves and all other similarly situated juvenile parolees in California,<br><br>            Plaintiffs,<br><br>     vs.<br><br>ARNOLD SCHWARZENEGGER, Governor, State of California, MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); SCOTT KERNAN, Undersecretary of Operations, CDCR; BERNARD WARNER, Chief Deputy Secretary of the Division of Juvenile Justice; RACHEL RIOS, Director, Division of Juvenile Parole Operations; MARTIN HOSHINO, Executive Officer of the Board of Parole Hearings ("BPH"); ROBERT DOYLE, Chair of the BPH; SUSAN MELANSON, HENRY AGUILAR, ASKIA ABDULMAJEED, JOSEPH COMPTON, ROBERT CAMERON, JOYCE ARREDONDO, MARY SCHAMER, and TRACEY ST. JULIEN, Commissioners and Board Representatives; CHUCK SUPPLE, Executive Officer of the Juvenile Parole Board; CDCR; DIVISION OF JUVENILE JUSTICE; BOARD OF PAROLE HEARINGS; and the JUVENILE PAROLE BOARD,<br><br>            Defendants.[1] | Case No. 2:06-CV-02042-LKK-GGH<br><br>**STIPULATED PROTECTIVE ORDER REGARDING PAROLEE DEFENSE COUNSEL ACCESS TO WITNESS CONTACT INFORMATION AND CERTAIN MENTAL HEALTH INFORMATION** |

---

[1] The names of Defendants currently serving and their CDCR capacities have been substituted pursuant to Fed. R. Civ. P. 25.

PDF created with pdfFactory trial version www.pdffactory.com

SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:

1. The Stipulated Order for Permanent Injunctive Relief ("Permanent Injunction") requires Defendants to appoint counsel to represent each and every Juvenile Parolee in the Revocation Process. *Id.* ¶ 15. The Permanent Injunction provides that a Juvenile Parolee's counsel shall not be denied reasonable access to all of their clients' files. *Id.* ¶ 20. The Permanent Injunction also requires that, at the time of appointment, the Juvenile Parolees' counsel be provided with all of the evidence in the State's possession that the State intends to rely upon or that may be exculpatory. *Id.* ¶¶ 16, 19.

2. In order to comply with the Permanent Injunction, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *In re Olson*, 37 Cal.App.3d 783 (1974), it is agreed by the parties that the Juvenile Parolee's counsel may have access to the following "sensitive material":

    (a) Any medical or mental health record, including any mental health care record even if a health care provider has determined that there is a substantial risk of significant adverse or detrimental consequences to a parolee/patient in seeing or receiving a copy pursuant to Health & Safety Code § 123115(b).

    (b) Contact information, including telephone numbers and addresses, of any witnesses or victims in the offense alleged in the parole revocation or revocation extension proceedings who do not declare themselves to be fearful or who have not been designated as confidential by any law enforcement agency. The names, contact information, or any information that would disclose the identity of a confidential witness shall not be provided. The telephone numbers of witnesses or victims who declare themselves to be fearful shall be provided as described in Paragraph 9 below.

3. In the course of Parole Revocation and Revocation Extension Proceedings, the Defendants shall disclose the sensitive material only to the Juvenile Parolee's attorney, CalPAP employees, a certified law student supervised by the Juvenile Parolee's attorney, or paralegals, law clerks or legal secretaries working for the Juvenile Parolee's attorney.

1

PDF created with pdfFactory trial version www.pdffactory.com

4.      Persons to whom "contact information," as defined above in Paragraph 2(b), is disclosed shall treat the sensitive material or information as confidential and are prohibited from disclosing the records or information to any other person, including the parolee who is subject to the parole revocation proceedings, except as necessary in the parole revocation or probable cause hearing when the parolee is not present.  With regard to this exception, the information or records shall be used only as necessary to represent the parolee in the parole revocation or related proceedings and shall not be used in any other action or for any other purpose.

5.      Persons to whom mental health and/or medical records are disclosed may use such information as necessary to advocate for the parolee in his or her Parole Revocation or Revocation Extension Proceedings.  This includes, but is not limited to, preparing for revocation, revocation extension and related proceedings, and communicating with service providers to determine whether alternatives to incarceration exist.

6.      Persons to whom sensitive medical or mental health information is disclosed shall be made aware if a health care provider has determined that there is a substantial risk of significant adverse or detrimental consequences to a Juvenile Parolee/patient in seeing or receiving a copy and concerning which the health care provider has complied with the requirements of Health & Safety Code § 123115(b).  Persons to whom such a determination is communicated shall be aware of the sensitive nature of the information when discussing it with the Juvenile Parolee/client, and shall use their professional discretion in determining the level of access to the information that the Juvenile Parolee/client shall receive.

7.      Each person to whom disclosure of the sensitive material is made shall, prior to the time of disclosure, be provided a copy of this order and shall agree in writing that they have read this order, understand and agree to be bound by its provisions, and consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding regarding the enforcement of this order, including without limitation, any proceeding for contempt for violating this order.

8.      The Juvenile Parolee's attorneys of record and their agents shall not make copies of the sensitive material obtained by them except as necessary for purposes of the Juvenile

2

PDF created with pdfFactory trial version www.pdffactory.com

Parolee's revocation, revocation extension, or related proceedings.  The attorneys of record will maintain control over all copies, electronic or otherwise, obtained by them.  Persons who receive medical or mental health care information under this order shall return or destroy the information at the conclusion of the pertinent proceedings.

9. For any witness who declares himself or herself "fearful," the only contact information that may be given to the parolee's attorney is a telephone number at which the witness can be contacted.  When contacting any witness or victim, the parolee's attorneys of record and their agents shall identify themselves to the witness or victim as a representative of the Juvenile Parolee.  If no witness contact information is known or provided to Defendants, Defendants are not obligated to procure contact information for transmittal to the parolee's attorney.

IT IS SO STIPULATED.

Dated:  February 9, 2009                      ROSEN, BIEN & GALVAN, LLP

                                              By: */s/ Gay C. Grunfeld*
                                                  Gay C. Grunfeld
                                                  Attorneys for Plaintiffs

Dated:  February 9, 2009                      HANSON BRIDGETT LLP

                                              By: */s/ Paul Mello*
                                                  Paul Mello
                                                  Attorneys for Defendants

IT IS SO ORDERED.

Dated: February 11, 2009.                     LAWRENCE K. KARLTON
                                              SENIOR JUDGE
                                              UNITED STATES DISTRICT COURT

3

PDF created with pdfFactory trial version www.pdffactory.com