GEOFFREY HOLTZ – 191370
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

MICHAEL W. BIEN – 096891
GAY CROSTHWAIT GRUNFELD – 121944
LESLIE C. MEHTA – 258512
SUMANA COOPPAN WOLF – 267967
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

DONALD SPECTER – 083925
SARA NORMAN – 189536
CORENE KENDRICK – 226642
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

SUSAN L. BURRELL – 074204
CAROLE SHAUFFER – 100226
YOUTH LAW CENTER
200 Pine Street, 3rd Floor
San Francisco, California 94104-2704
Telephone: (415) 543-3379

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.H., A.Z., D.K., D.R., M.N., and R.C., on behalf of themselves and all other similarly situated juvenile parolees in California,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., Governor, State of California; MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); SCOTT KERNAN, Undersecretary of Operations, CDCR; BERNARD WARNER, Chief Deputy Secretary of the Division of Juvenile Justice; RACHEL RIOS, Director, Division of Juvenile Parole Operations; MARTIN HOSHINO, Executive Officer of the Board of Parole Hearings ("BPH"); ROBERT DOYLE, Chair of the BPH; SUSAN MELANSON, HENRY AGUILAR, ASKIA ABDULMAJEED, JOSEPH COMPTON, ROBERT CAMERON, JOYCE ARREDONDO, MARY SCHAMER, and TRACEY ST. JULIEN, Commissioners and Board Representatives; CHUCK SUPPLE, Executive Officer of the Juvenile Parole Board; CDCR; DIVISION OF JUVENILE JUSTICE; BOARD OF PAROLE HEARINGS; and the JUVENILE PAROLE BOARD,<br><br>    Defendants. | Case No. Civ. S-06-2042 LKK-GGH<br><br>**STIPULATION AND ORDER SETTING FORTH PROCESS FOR TERMINATING STIPULATED ORDER FOR PERMANENT INJUNCTIVE RELIEF** |

[687047-18]

STIPULATION AND [PROPOSED] ORDER SETTING FORTH PROCESS FOR TERMINATING STIPULATED
ORDER FOR PERMANENT INJUNCTIVE RELIEF

Plaintiffs filed this class action lawsuit on September 13, 2006, alleging that Defendants' policies and practices denied California juvenile parolees their constitutional rights to due process, equal protection, and assistance of counsel. Plaintiffs also alleged that these juvenile parolees' rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, ("ADA") and section 504 of the Rehabilitation Act, 29 U.S.C. § 794 were being violated. (*See* Dkt. No. 1.)

On February 28, 2007, this Court certified this case as a class action, with the Plaintiff Class consisting of the following persons: Juvenile Parolees in or under the jurisdiction of California, including all Juvenile Parolees with Disabilities, as that term is defined in section 504 of the Rehabilitation Act and the ADA, who are: (1) in the community under parole supervision or who are at large; (2) in custody in California as alleged parole violators, and who are awaiting revocation of their parole, or; (3) in custody, having been found in violation of parole and returned to custody. The fact that they have attained majority does not exclude them from the Class. They remain Class members until they are discharged from the jurisdiction of the DJJ. (Dkt. No. 65.) On September 19, 2007, this Court issued an Order granting Plaintiffs' Motion for Partial Summary Judgment, holding that Defendants violated the Plaintiffs' due process rights by failing to hold constitutionally-adequate probable cause hearings prior to parole revocation. (Dkt. No. 201.) On January 29, 2008, this Court issued a Preliminary Injunction on attorney appointment and ADA accommodations. (Dkt. No 266.)

The parties signed the Stipulated Order for Permanent Injunctive Relief ("Injunction") in June 2008, and it was approved, after notice to the class and a public hearing, and entered by this Court on October 7, 2008. (Dkt. No. 438.) Since that time, the parties and the Office of the Special Master have been working diligently together to overhaul the juvenile parole revocation system and bring it into constitutional and ADA compliance.

Defendants have eliminated coercive procedures and actions, such as committing juveniles to time in prison without the advice of counsel. They have abolished practices

that could keep revoked parolees incarcerated indefinitely.  They have systematized decision-making so that the steps are predictable, proceedings are based on evidence, and staff work to inform and involve the juveniles.  All proceedings are provided with exceptional timeliness, and a substantial proportion of juveniles are diverted from revocation into alternatives to incarceration.  In short, Defendants have demonstrated compliance with virtually all of the Injunction's requirements, as evidenced by Special Master's Eighth Report on the Status of Conditions of the Stipulated Order.

On June 27, 2012, Senate Bill 1021 was approved by the Governor and chaptered by the Secretary of State (Chapter 41, Statutes of 2012).  The parties acknowledge that as a result of Senate Bill 1021, most juvenile parole operations terminate as of January 1, 2013.  However, juvenile parolees who are detained on a parole hold prior to January 1, 2013, will have their revocation proceedings conducted in early 2013.  Defendants will no longer subject class members in custody to revocation extension proceedings on or after January 1, 2013.

The parties are in agreement with the court-appointed Special Master's findings that the defendants have reached "substantial compliance" in most areas of the Injunction, as that term has been defined by the Special Master.  The passage of Senate Bill 1021 and the imminent termination of juvenile parole have created the need for prompt attention to resolving any existing obligations, and the parties stipulate that the process outlined below shall govern the termination of the Stipulated Order for Permanent Injunctive Relief.  This process complies with the requirements of Federal Rules of Civil Procedure 23 and 60.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.   Within 30 days of this Court's issuance of this Stipulated Order, and pursuant to Federal Rule of Civil Procedure 23(e)(1), Defendants shall provide written notice to all *L.H.* class members of the proposed termination of the Stipulated Order for Permanent Injunctive Relief and the process that shall govern the termination.  The language of the notice shall be agreed upon by the parties prior to distribution to the class.

Specifically, the notice shall inform *L.H.* class members that the Court is considering a Joint Motion to Terminate the Stipulated Order for Permanent Injunctive Relief ("Joint Motion"), and shall provide the proposed process for termination, what termination means, the opportunity, method, and deadline for class members to file objections to or comments on the Joint Motion, the date of the noticed public hearing on the Joint Motion, and Plaintiffs' counsel's contact information.  Such written notice shall be available in both English and Spanish, and shall be mailed to all *L.H.* class members at their last known address with a copy retained in each parolee's field file, shall be available to juvenile parolees in all parole field offices, shall be posted in all California Division of Juvenile Justice facilities, reception centers and camps, and shall be posted on the DJJ's website for public review and download.

2. Within 30 days of this Court's issuance of this Stipulated Order, and pursuant to Federal Rules of Civil Procedure 60(b)(5) and 23(e)(3), the parties shall file the Joint Motion.  There shall be a noticed public hearing on the Joint Motion, the date of which shall be determined by the parties and the Court based on availability in the Court's Civil Motion Calendar.  To the extent there is disagreement between the parties over the terms and contents of the Proposed Order that accompanies the Joint Motion, the parties may submit separate Proposed Orders along with the Joint Motion.

3. Pursuant to Federal Rule of Civil Procedure 23(e)(5), *L.H.* class members shall have the opportunity to submit objections or other comments regarding the Joint Motion and the proposed process for termination.  *L.H.* class members (and interested members of the public) may submit these objections and comments to the Court via U.S. mail.  Objections and comments submitted to the Court must be postmarked no later than thirty (30) days from the date the notice to the class is mailed and posted on DJJ's website. The Court shall have at least fifteen (15) days to consider the objections and comments before the noticed public hearing.

4. Seven (7) days before the noticed public hearing date, the Office of the Special Master shall issue a recommendation to this Court indicating whether, in the

1  Special Master's opinion, the parties' Joint Motion should be granted or denied, in whole
2  or in part.  The Special Master's recommendation may include reference to Defendants'
3  compliance with the requirements of the Injunction to date, as well as the parties' efforts to
4  amicably resolve any remaining disputes, but shall not constitute a full report on the status
5  of the conditions of the Stipulated Order.  The parties may respond to the Special Master's
6  recommendation no later than three (3) days before the noticed public hearing.

7      5.    On the date selected by the parties and this Court, and pursuant to Federal
8  Rule of Civil Procedure 23(e)(2), the Court shall conduct a noticed public hearing
9  regarding the Joint Motion to Terminate and the fairness, reasonableness, and adequacy of
10  the [Proposed] Order Granting Parties' Joint Motion to Terminate Stipulated Order for
11  Permanent Injunctive Relief (or in the event the parties file separate [Proposed] Orders, the
12  fairness, reasonableness, and adequacy of each [Proposed] Order submitted).  At this
13  hearing, class members and members of the public may present objections to the Motion
14  and/or the process for termination.  The Court may hear testimony from the Office of the
15  Special Master and the parties as necessary, and shall make findings of fact as appropriate.
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

6. After the noticed public hearing, the Court shall issue a final order granting or denying, in whole or in part, the parties' Joint Motion, pursuant to Federal Rules of Civil Procedure 23(d)(1)(B)(i) and 23(d)(1)(E). This Order shall govern the actual termination of the Injunction and the conclusion of the case up to and including the entry of final judgment.

IT IS SO STIPULATED.

DATED: December 14, 2012     Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael W. Bien*
    Michael W. Bien

Attorneys for Plaintiffs

DATED: December 14, 2012     HANSON BRIDGETT LLP

By: */s/ Samantha D. Wolff*
    Samantha D. Wolff

Attorneys for Defendants

The Court, having reviewed the parties' Stipulation, and good cause appearing, adopts the parties' stipulation as an order.

IT IS SO ORDERED.

DATED: January 17, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

[687047-18]